APPEAL,CLOSED,JURY,TYPE–B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18–cv–02136–APM</u>

CHANDLER v. BERLIN et al

Assigned to: Judge Amit P. Mehta

Demand: $15,000,000

 Case in other court:  USCA, 20–07020

       USCA, 20–07102

Cause: 28:1332 Diversity–Libel,Assault,Slander

Date Filed: 09/14/2018

Date Terminated: 10/30/2024

Jury Demand: Plaintiff

Nature of Suit: 320 Assault Libel & Slander

Jurisdiction: Diversity

**<u>Plaintiff</u>**

**CHRISTOPHER CHANDLER**

represented by **Amy McCann Roller**
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street, NW
Suite 550
Washington, DC 20036
610–637–8540
Email: amr@mwpp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Lambart Meier**
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW
Suite 650
Washington, DC 20006
202–280–4454
Email: megan.meier@mwpp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Clare**
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628–7401
Email: tom@clarelocke.com
*TERMINATED: 08/18/2023*
*LEAD ATTORNEY*

**Daniel P. Watkins**
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW
Suite 650
Washington, DC 20006

804–426–9454
Email: daniel.watkins@mwpp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark Thomson**
MEIER WATKINS PHILLIPS PUSCH
919 18th Street NW
Suite 650
Washington, DC 20006
608–217–8553
Email: mark.thomson@mwpp.com
*ATTORNEY TO BE NOTICED*

**Nicholas Justin Brechbill**
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
267–664–0884
Email: nick@clarelocke.com
*TERMINATED: 08/18/2023*

V.

**Defendant**

**DONALD BERLIN**                    represented by    **Christopher Lindsey Rogan**
ROGAN MILLER ZIMMERMAN, PLLC
50 Catoctin Circle, NE
Suite 300
Leesburg, VA 20176
703–777–8850
Email: crogan@rmzlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Patrick Dean**
THE OSTER LAW FIRM
1320 19 Street, NW
Suite 800
Washington, DC 20036
202–725–8110
Email: johndean8@aol.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Michael Oster**
THE OSTER LAW FIRM, PLLC
Partner
1320 19th Street, N.W.
Suite 800
Washington, DC 20036

703–577–8785
Fax: 202–747–5862
Email: soster@ostermcbride.com
*ATTORNEY TO BE NOTICED*

**William Henry Shawn**
SHAWNCOULSON, LLP
1320 19th St NW
Ste 601
Washington, DC 20036–1655
(202) 331–2300
Fax: (202) 664–8383
Email: wshawn@shawncoulson.com
*TERMINATED: 05/17/2019*

**Defendant**

**INVESTIGATIVE CONSULTANTS, INC.**                  represented by  **John Patrick Dean**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Michael Oster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Henry Shawn**
(See above for address)
*TERMINATED: 05/17/2019*

**Defendant**

**INVESTIGATIVE CONSULTANTS, INC.**                  represented by  **James P Campbell**
CAMPBELL CASTO CLARK, PC
1602 Village Market Boulevard S.E.
Suite 225
Leesburg, VA 20175
703–771–8344
Fax: 703–777–1485
Email: JCampbell@campbellcastoclark.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Patrick Dean**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Michael Oster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Henry Shawn**

(See above for address)
*TERMINATED: 05/17/2019*

**Defendant**

**INVESTIGATIVE CONSULTANTS,**
**INC. OF WASHINGTON, DC**
*TERMINATED: 10/17/2024*

represented by **John Patrick Dean**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Michael Oster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Henry Shawn**
(See above for address)
*TERMINATED: 05/17/2019*

**Defendant**

**INVESTIGATIVE CONSULTANTS**
**INCORPORATED**
*TERMINATED: 10/23/2018*

represented by **John Patrick Dean**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Michael Oster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Henry Shawn**
(See above for address)
*TERMINATED: 05/17/2019*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/14/2018 | 1 | COMPLAINT against ALL DEFENDANTS with Jury Demand ( Filing fee $ 400 receipt number 0090–5689883) filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Civil Cover Sheet)(Clare, Thomas) (Attachment 1 replaced on 9/20/2018) (znmw). (Entered: 09/14/2018) |
| 09/14/2018 | 2 | NOTICE *of Sumbission Complaint Exhibits* by CHRISTOPHER CHANDLER re 1 Complaint (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Clare, Thomas) (Entered: 09/14/2018) |
| 09/17/2018 | | Case Assigned to Judge Amit P. Mehta. (zmd) (Entered: 09/17/2018) |
| 09/18/2018 | | SUMMONS Not Issued as to DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (zmd) (Entered: 09/18/2018) |
| 09/25/2018 | 3 | NOTICE of Appearance by Steven Michael Oster on behalf of All Defendants (Oster, Steven) (Entered: 09/25/2018) |

| 09/25/2018 | 4 | Emergency MOTION to Strike 1 Complaint, *MOTION for Leave to File Complaint Under Seal, MOTION for Order directing Plaintiff to File An Amended Complaint* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Oster, Steven). Added MOTION for Leave to File, MOTION for Order on 9/25/2018 (jf). (Entered: 09/25/2018) |
| --- | --- | --- |
| 09/29/2018 | 5 | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name– John P. Dean, :Firm– c/o Oster Law Firm, :Address– 1320 19th Street, N.W., Suite 601, Washington, DC 20036. Phone No. – 202–725–8110. Fax No. – 202–747–5862 Filing fee $ 100, receipt number 0090–5712744. Fee Status: Fee Paid. by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Declaration of John P. Dean, # 2 Text of Proposed Order)(Oster, Steven) (Entered: 09/29/2018) |
| 10/01/2018 | | MINUTE ORDER granting 5 Motion for Leave to Appear Pro Hac Vice. Attorney John P. Dean is hereby admitted pro hac vice to appear in this matter. Signed by Judge Amit P. Mehta on 10/01/2018. (lcapm3) (Entered: 10/01/2018) |
| 10/01/2018 | | Minute Order. No later than October 4, 2018, Plaintiff Christopher Chandler shall file a response to Defendants' 4 Emergency Motion to Strike Improper Allegations, Seal the Complaint, and Order Plaintiff to File an Amended Complaint. Defendants shall file any reply no later than October 8, 2018. Signed by Judge Amit P. Mehta on 10/01/2018. (lcapm3) Modified on 10/1/2018 (lcapm3, ). (Entered: 10/01/2018) |
| 10/01/2018 | 6 | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Daniel P. Watkins, :Firm– Clare Locke LLP, :Address– 10 Prince Street. Phone No. – 2026287407. Filing fee $ 100, receipt number 0090–5714426. Fee Status: Fee Paid. by CHRISTOPHER CHANDLER (Attachments: # 1 Declaration Certification of Daniel P. Watkins, # 2 Text of Proposed Order)(Clare, Thomas) (Entered: 10/01/2018) |
| 10/01/2018 | 7 | WAIVER OF SERVICE by CHRISTOPHER CHANDLER. DONALD BERLIN waiver sent on 9/17/2018, answer due 11/16/2018. (Clare, Thomas) (Entered: 10/01/2018) |
| 10/01/2018 | 8 | WAIVER OF SERVICE by CHRISTOPHER CHANDLER. INVESTIGATIVE CONSULTANTS, INC. waiver sent on 9/17/2018, answer due 11/16/2018. (Clare, Thomas) (Entered: 10/01/2018) |
| 10/01/2018 | 9 | WAIVER OF SERVICE by CHRISTOPHER CHANDLER. (Clare, Thomas) (Entered: 10/01/2018) |
| 10/01/2018 | 10 | WAIVER OF SERVICE by CHRISTOPHER CHANDLER. INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC waiver sent on 9/17/2018, answer due 11/16/2018. (Clare, Thomas) (Entered: 10/01/2018) |
| 10/01/2018 | 11 | WAIVER OF SERVICE by CHRISTOPHER CHANDLER. INVESTIGATIVE CONSULTANTS INCORPORATED waiver sent on 9/17/2018, answer due 11/16/2018. (Clare, Thomas) (Entered: 10/01/2018) |
| 10/01/2018 | | MINUTE ORDER granting 6 Motion for Leave to Appear Pro Hac Vice. Attorney Daniel P. Watkins is hereby admitted pro hac vice to appear in this matter. Signed by |

| | | |
|---|---|---|
| | | Judge Amit P. Mehta on 10/01/2018. (lcapm3) (Entered: 10/01/2018) |
| 10/01/2018 | | Set/Reset Deadlines: Plaintiff's Response due by 10/4/2018. Defendants' Reply due by 10/8/2018. (zjd) (Entered: 10/02/2018) |
| 10/04/2018 | 12 | RESPONSE re 4 Emergency MOTION to Strike 1 Complaint, *Seal, and Amend* MOTION for Leave to File MOTION for Order filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Meier, Megan) (Entered: 10/04/2018) |
| 10/08/2018 | 13 | REPLY to opposition to motion re 4 Emergency MOTION to Strike 1 Complaint, *Seal, and Amend* MOTION for Leave to File MOTION for Order filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 10/08/2018) |
| 10/16/2018 | 14 | ORDER granting in part and denying in part Defendants' 4 Emergency Motion to Strike Complaint, Motion for Leave to File Complaint Under Seal, and Motion for Order directing Plaintiff to File an Amended Complaint. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/16/2018. (lcapm3) (Entered: 10/16/2018) |
| 10/16/2018 | | Set/Reset Deadlines: Redacted Pleadings due by 10/22/2018. (zjd) (Entered: 10/17/2018) |
| 10/18/2018 | 15 | NOTICE of Appearance by William Henry Shawn on behalf of All Defendants (Shawn, William) (Entered: 10/18/2018) |
| 10/22/2018 | 16 | REDACTED DOCUMENT – Emergency MOTION to Strike 1 Complaint, *and Exhibits*, MOTION to Seal Case *[REDACTED]* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Oster, Steven) Modified event title on 10/23/2018 (znmw). (Entered: 10/22/2018) |
| 10/22/2018 | 17 | REDACTED DOCUMENT – REPLY to opposition to motion re 16 Emergency MOTION to Strike 1 Complaint, *and Exhibits* MOTION to Seal Case *[REDACTED]* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) Modified event title on 10/23/2018 (znmw). (Entered: 10/22/2018) |
| 10/22/2018 | 18 | NOTICE of Voluntary Dismissal re Investigative Consultants Incorporated (Clare, Thomas) (Entered: 10/22/2018) |
| 10/22/2018 | 19 | REDACTED DOCUMENT– REDACTED – Pl.'s Opposition to Defs.' Mot. to Strike by CHRISTOPHER CHANDLER. (Clare, Thomas) (Entered: 10/22/2018) |
| 10/22/2018 | 20 | REDACTED DOCUMENT– REDACTED COMPLAINT AND SELECT EXHIBITS by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit EXHIBIT 1, # 2 Exhibit EXHIBIT 2, # 3 Exhibit EXHIBIT 3 (English), # 4 Exhibit EXHIBIT 3, # 5 Exhibit EXHIBIT 4, # 6 Exhibit EXHIBIT 5, # 7 Exhibit EXHIBIT 9, # 8 Exhibit EXHIBIT 9 (English), # 9 Exhibit EXHIBIT 10)(Clare, Thomas) (Entered: 10/22/2018) |
| 10/25/2018 | 21 | |

| | | |
|---|---|---|
| | | MOTION to Dismiss *or, in the Alternative*, MOTION for Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Statement of Facts, # 9 Declaration of Donald M. Berlin, # 10 Declaration of Steven M. Oster, # 11 Text of Proposed Order)(Oster, Steven) (Entered: 10/25/2018) |
| 11/08/2018 | 22 | Memorandum in opposition to re 21 MOTION to Dismiss *or, in the Alternative* MOTION for Summary Judgment filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order Draft Order – Denying Defs. Motion, # 2 Declaration C. Chandler, # 3 Exhibit Ex. 1– Chandler Decl., # 4 Declaration D. Watkins, # 5 Exhibit Ex. A– Watkins Decl., # 6 Exhibit Ex. B– Watkins Decl., # 7 Exhibit Ex. C– Watkins Decl., # 8 Exhibit Ex. D– Watkins Decl., # 9 Exhibit Ex. E– Watkins Decl., # 10 Exhibit Ex. F– Watkins Decl., # 11 Exhibit Ex. G– Watkins Decl., # 12 Exhibit Ex. H– Watkins Decl., # 13 Exhibit Ex. I – Watkins Decl., # 14 Exhibit Ex. J– Watkins Decl., # 15 Exhibit Ex. K– Watkins Decl., # 16 Exhibit Ex. L– Watkins Decl., # 17 Exhibit Ex. M– Watkins Decl., # 18 Exhibit Ex. N– Watkins Decl., # 19 Exhibit Ex. O– Watkins Decl.)(Meier, Megan) (Entered: 11/08/2018) |
| 11/15/2018 | 23 | REPLY to opposition to motion re 21 MOTION to Dismiss *or, in the Alternative* MOTION for Summary Judgment filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 11/15/2018) |
| 04/03/2019 | 24 | MEMORANDUM OPINION AND ORDER re: 21 Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment. See attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 04/03/2019. (lcapm3) Modified event type on 4/3/2019 (zjd). (Entered: 04/03/2019) |
| 04/03/2019 | | Set/Reset Deadlines: Answer due by 4/17/2019. (zjd) (Entered: 04/03/2019) |
| 04/17/2019 | 25 | NOTICE *Joint Discovery Plan* by CHRISTOPHER CHANDLER (Watkins, Daniel) (Entered: 04/17/2019) |
| 04/17/2019 | 26 | ANSWER to Complaint by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC.(Oster, Steven) (Entered: 04/17/2019) |
| 04/22/2019 | 27 | ORDER setting the following schedule for further proceedings in this matter: The parties shall submit their initial disclosures, as required under Rule 26(a)(1), on or before April 19, 2019; the parties shall submit a Joint Status Report regarding the status of discovery on or before June 17, 2019; discovery shall conclude on September 2, 2019; and a Post–Discovery Status Conference is set for September 4, 2019, at 10 a.m. in Courtroom 10. See attached Order for additional details. Signed by Judge Amit P. Mehta on 04/22/2019. (lcapm3) (Entered: 04/22/2019) |
| 04/22/2019 | | Set/Reset Deadlines/Hearings: Parties shall exchange initial disclosures, as required under Rule 26(a)(1), by 4/19/2019. Joint Status Report due by 6/17/2019. Discovery shall conclude on 9/2/2019. Post–Discovery Status Conference set for 9/4/2019 at 10:00 AM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 04/22/2019) |
| 05/17/2019 | 28 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. Attorney William Henry Shawn terminated. (Shawn, |

| | | |
|---|---|---|
| | | William) (Entered: 05/17/2019) |
| 06/17/2019 | 29 | Joint STATUS REPORT *Regarding Discovery* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 06/17/2019) |
| 07/10/2019 | 30 | WITHDRAWN PURSUANT TO NOTICE FILED ON 7/10/2019.....MOTION to Compel *Discovery Responses* by CHRISTOPHER CHANDLER (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1 – RFA Resps., # 3 Exhibit 2 – RFP Resps., # 4 Exhibit 3 – IROG Resps., # 5 Text of Proposed Order)(Watkins, Daniel); Modified on 7/11/2019 (tth). (Entered: 07/10/2019) |
| 07/10/2019 | 31 | NOTICE OF WITHDRAWAL OF MOTION by CHRISTOPHER CHANDLER re 30 MOTION to Compel *Discovery Responses* (Watkins, Daniel) (Entered: 07/10/2019) |
| 08/20/2019 | 32 | Renewed MOTION for Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Statement of Facts, # 2 Memorandum in Support, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Text of Proposed Order, # 9 Certificate of Service)(Oster, Steven) (Entered: 08/20/2019) |
| 08/23/2019 | 33 | Joint MOTION for Extension of Time to *File Opposition to the Defendants' Motion for Summary Judgment* by CHRISTOPHER CHANDLER (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 08/23/2019) |
| 08/26/2019 | | MINUTE ORDER granting 33 Motion for Extension of Time. Plaintiff's opposition shall be filed on or before September 6, 2019. Signed by Judge Amit P. Mehta on 08/26/2019. (lcapm3) (Entered: 08/26/2019) |
| 08/26/2019 | | Set/Reset Deadlines: Plaintiff's Opposition due by 9/6/2019. (zjd) (Entered: 08/29/2019) |
| 09/04/2019 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 9/4/2019. (Court Reporter: William Zaremba) (zjd) (Entered: 09/04/2019) |
| 09/06/2019 | 34 | Memorandum in opposition to re 32 MOTION for Summary Judgment filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A – Defs.' Suppl. Resp.to First IROGs, # 2 Exhibit B – Defs.' Resp. to First RFPs, # 3 Exhibit C – Watkins Decl.)(Meier, Megan) (Entered: 09/06/2019) |
| 09/12/2019 | 35 | REPLY to opposition to motion re 32 MOTION for Summary Judgment filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 09/12/2019) |
| 09/12/2019 | 36 | REPLY to opposition to motion re 32 MOTION for Summary Judgment *(CORRECTED)* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 09/12/2019) |
| 01/30/2020 | 37 | MEMORANDUM OPINION re: 32 Defendants' Renewed Motion for Summary Judgment. See the attached Memorandum Opinion for further details. Signed by Judge Amit P. Mehta on 01/30/2020. (lcapm3) (Entered: 01/30/2020) |
| 01/30/2020 | 38 | |

| | | |
|---|---|---|
| | | ORDER. For the reasons stated in the court's 24 Memorandum Opinion and Order and 37 Memorandum Opinion, the court grants Defendants' Motions for Summary Judgment. See attached Order for additional details. Signed by Judge Amit P. Mehta on 01/30/2020. (lcapm3) (Entered: 01/30/2020) |
| 02/13/2020 | 39 | MOTION for Sanctions *Pursuant To FRCP 11* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Text of Proposed Order)(Oster, Steven) (Entered: 02/13/2020) |
| 02/13/2020 | 40 | MOTION for Sanctions *Pursuant to 28 U.S.C. 1927 and this Court's Inherent Authority* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Text of Proposed Order)(Oster, Steven) (Entered: 02/13/2020) |
| 02/27/2020 | 41 | Memorandum in opposition to re 40 MOTION for Sanctions *Pursuant to 28 U.S.C. 1927 and this Court's Inherent Authority*, 39 MOTION for Sanctions *Pursuant To FRCP 11* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Declaration of D. Watkins, # 5 Declaration of I. Tiapula)(Watkins, Daniel) (Entered: 02/27/2020) |
| 02/27/2020 | 42 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 37 Memorandum & Opinion, 38 Order, by CHRISTOPHER CHANDLER. Filing fee $ 505, receipt number ADCDC–6870920. Fee Status: Fee Paid. Parties have been notified. (Watkins, Daniel) (Entered: 02/27/2020) |
| 02/28/2020 | 43 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 42 Notice of Appeal to DC Circuit Court. (eg) (Entered: 02/28/2020) |
| 02/28/2020 | | USCA Case Number 20–7020 for 42 Notice of Appeal to DC Circuit Court filed by CHRISTOPHER CHANDLER. (zrdj) (Entered: 03/02/2020) |
| 03/05/2020 | 44 | REPLY to opposition to motion re 40 MOTION for Sanctions *Pursuant to 28 U.S.C. 1927 and this Court's Inherent Authority*, 39 MOTION for Sanctions *Pursuant To FRCP 11* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Oster, Steven) (Entered: 03/05/2020) |
| 03/06/2020 | 45 | ERRATA *(Inadvertently omitted Ex. 7)* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC 44 Reply to opposition to Motion, filed by INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC, INVESTIGATIVE CONSULTANTS, INC., DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED. (Oster, Steven) (Entered: 03/06/2020) |
| 09/18/2020 | 46 | MEMORANDUM OPINION AND ORDER denying Defendants' motions for sanctions, ECF Nos. 39 and 40 . See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 9/18/2020. (lcapm1) |

| | | |
|---|---|---|
| | | (Entered: 09/18/2020) |
| 10/16/2020 | 47 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 46 Memorandum & Opinion by INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. Filing fee $ 505, receipt number ADCDC–7720940. Fee Status: Fee Paid. Parties have been notified. (Oster, Steven) (Entered: 10/16/2020) |
| 10/16/2020 | 48 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 47 Notice of Appeal to DC Circuit Court,. (eg) (Entered: 10/16/2020) |
| 10/20/2020 | | USCA Case Number 20–7102 for 47 Notice of Appeal to DC Circuit Court, filed by INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC, INVESTIGATIVE CONSULTANTS, INC., DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED. (zrdj) (Entered: 10/20/2020) |
| 07/06/2021 | | MINUTE ORDER. The parties shall meet and confer and submit by July 20, 2021, a proposed schedule for further proceedings in this matter. Signed by Judge Amit P. Mehta on 7/6/2021. (lcapm3) (Entered: 07/06/2021) |
| 07/06/2021 | 49 | MANDATE of USCA as to 42 Notice of Appeal to DC Circuit Court filed by CHRISTOPHER CHANDLER ; USCA Case Number 20–7020. (Attachment: # 1 Judgment)(eg) (Entered: 07/08/2021) |
| 07/20/2021 | 50 | STATUS REPORT *Concerning Discovery* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 07/20/2021) |
| 07/20/2021 | 51 | STATUS REPORT *Concerning Discovery* by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 07/20/2021) |
| 07/28/2021 | | NOTICE of Hearing: Status Conference set for 7/29/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 07/28/2021) |
| 07/29/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 7/29/2021. Status Conference set for 8/24/2021 at 9:30 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (Court Reporter: William Zaremba) (zjd) (Entered: 07/29/2021) |
| 08/24/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 8/24/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 08/24/2021) |
| 08/24/2021 | 52 | NOTICE *Re Initial Disclosures* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Oster, Steven) (Entered: 08/24/2021) |

| 08/26/2021 | 53 | ORDER setting the following schedule for further proceedings in this matter: (1) the parties shall exchange initial disclosures, as required under Rule 26(a)(1), on or before September 9, 2021; (2) the deadline for joinder of parties and amendments of pleadings is September 27, 2021; (3) proponent expert reports and disclosures, consistent with Rule 26(a)(2), shall be made no later than January 7, 2022; (4) the parties shall submit a Joint Status Report regarding the status of discovery on or before January 19, 2022; (5) rebuttal expert reports and disclosures, consistent with Rule 26(a)(2), shall be made on or before February 4, 2022; (6) all discovery shall conclude on March 4, 2022; and (7) a Post–Discovery Status Conference is set for March 8, 2022, at 10 a.m. in Courtroom 10. See attached Order for details. Signed by Judge Amit P. Mehta on 8/26/2021. (lcapm3) (Entered: 08/26/2021) |
| --- | --- | --- |
| 09/07/2021 | 54 | MANDATE of USCA as to 47 Notice of Appeal to DC Circuit Court, filed by INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC, INVESTIGATIVE CONSULTANTS, INC., DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED ; USCA Case Number 20–7102. (Attachment: # 1 Order)(eg) (Entered: 09/08/2021) |
| 09/21/2021 | | NOTICE of Hearing: Discovery Hearing set for 9/22/2021 at 10:00 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial–in information to counsel. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 09/21/2021) |
| 09/22/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing held via teleconference on 9/22/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 09/22/2021) |
| 09/23/2021 | | MINUTE ORDER. With respect to the parties discovery disputes that the court heard by teleconference on September 22, 2021, the court holds as follows. First, Defendants' demand for records supporting Plaintiff's damages calculation is denied as moot insofar as Plaintiff represented he would be producing such documents. Second, Plaintiff shall make himself available for an in–person deposition in the District of Columbia or at a location consented to by the parties. Third, absent citation to precedent stating otherwise, Plaintiff may depose Defendant Berlin only once, including in his capacity as a Rule 30(b)(6) representative for the entity defendants, which are closely held by Berlin. Last, the parties shall attempt to resolve their privilege log dispute among themselves before further court intervention. Signed by Judge Amit P. Mehta on 09/22/2021. (lcapm3) (Entered: 09/23/2021) |
| 09/24/2021 | 55 | Emergency MOTION for Extension of Time to Amend 53 Order,,, by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Oster, Steven) (Entered: 09/24/2021) |
| 09/24/2021 | | MINUTE ORDER granting Defendants' Emergency Motion to Extend the Deadline for Amending Pleadings. Having established good cause, and with no apparent prejudice to Plaintiff, Defendants' deadline to amend pleadings is extended to October 12, 2021. Signed by Judge Amit P. Mehta on 09/24/2021. (lcapm3) (Entered: 09/24/2021) |
| 10/12/2021 | 56 | Amended ANSWER to Complaint by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC.(Oster, Steven) (Entered: 10/12/2021) |

| 01/19/2022 | 57 | Joint STATUS REPORT by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 01/19/2022) |
|---|---|---|
| 01/21/2022 | 58 | Joint MOTION for Extension of Time to Complete Discovery by DONALD BERLIN. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Dean, John) (Entered: 01/21/2022) |
| 01/21/2022 | 59 | ORDER granting Defendant's 58 Joint Motion to Extend the Discovery Cutoff and To Reschedule the Post–Discovery Status Conference. All discovery shall now conclude on May 4, 2022, and a remote Post–Discovery Status Conference is set for May 6, 2022 at 9:00 AM. Please see attached Order for further details. Signed by Judge Amit P. Mehta on 01/21/2022. (Entered: 01/21/2022) |
| 02/18/2022 | 60 | Joint MOTION for Protective Order by DONALD BERLIN. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 02/18/2022) |
| 02/18/2022 | 61 | ORDER granting 60 Joint Motion to Enter Stipulated Protective Order. Please see attached Order for further details. Signed by Judge Amit P. Mehta on 02/18/2022. (lcapm3) (Entered: 02/18/2022) |
| 03/04/2022 | 62 | STIPULATION re 53 Order,,, *re Discovery Scheduling* by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 03/04/2022) |
| 03/21/2022 | 63 | NOTICE of Appearance by Nicholas Justin Brechbill on behalf of CHRISTOPHER CHANDLER (Brechbill, Nicholas) (Entered: 03/21/2022) |
| 04/01/2022 | 64 | MOTION for Extension of Time to Complete Discovery by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Dean, John) (Entered: 04/01/2022) |
| 04/04/2022 | 65 | ORDER granting Defendant's 64 Consent Motion for Two–Week Extension of Discovery Cutoff & To Reschedule the Post–Discovery Status Conference. All discovery shall now conclude on May 18, 2022, and a remote Post–Discovery Status Conference is set for May 19, 2022 at 10:15 AM. Please see attached Order for further details. Signed by Judge Amit P. Mehta on 04/04/2022. (lcapm3) (Entered: 04/04/2022) |
| 05/03/2022 |  | NOTICE of Hearing: Discovery Conference set for 5/4/2022 at 2:00 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 05/03/2022) |
| 05/04/2022 |  | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Dispute Hearing held via videoconference on 5/4/2022. (Court Reporter: William Zaremba) (zjd) (Entered: 05/04/2022) |
| 05/12/2022 | 66 | Joint MOTION for Extension of Time to Complete Discovery *and Reschedule Post–Discovery Status Conference* by CHRISTOPHER CHANDLER. (Attachments: # 1 Memorandum in Support POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES JOINT MOTION TO EXTEND THE DISCOVERY CUTOFF AND RESCHEDULE POST–DISCOVERY STATUS CONFERENCE, # 2 Text of Proposed Order)(Watkins, Daniel) (Entered: 05/12/2022) |
| 05/13/2022 | 67 | NOTICE by CHRISTOPHER CHANDLER re 66 Joint MOTION for Extension of Time to Complete Discovery *and Reschedule Post–Discovery Status Conference* |

| | | |
|---|---|---|
| | | (Watkins, Daniel) (Entered: 05/13/2022) |
| 05/15/2022 | | MINUTE ORDER granting Parties' 66 Joint Motion to Extend Discovery Cutoff and Reschedule Post–Discovery Status Conference. All discovery in this matter shall conclude by June 10, 2022. The post–discovery conference scheduled for May 19, 2022, is hereby vacated and rescheduled for June 14, 2022, at 10:00 a.m. Signed by Judge Amit P. Mehta on 05/15/2022. (lcapm3) (Entered: 05/15/2022) |
| 06/10/2022 | 68 | Joint MOTION for Extension of Time to Complete Discovery *Cutoff and Reschedule Post–Discovery Status Conference* by CHRISTOPHER CHANDLER. (Attachments: # 1 Memorandum in Support POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES JOINT MOTION TO EXTEND THE DISCOVERY CUTOFF AND RESCHEDULE POST–DISCOVERY STATUS CONFERENCE, # 2 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/10/2022) |
| 06/10/2022 | 69 | ORDER granting the Parties' 68 Joint Motion to Extend Discovery Cutoff and Reschedule Post–Discovery Status Conference. All discovery in this matter shall now conclude by July 15, 2022, and the post–discovery status conference is reset to July 20, 2022, at 1:00 p.m. Please see attached Order for further details. Signed by Judge Amit P. Mehta on 06/10/2022. (lcapm3) (Entered: 06/10/2022) |
| 07/12/2022 | | NOTICE of Hearing: Discovery Hearing set for 7/13/2022 at 4:00 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. (zjd) (Entered: 07/12/2022) |
| 07/13/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Dispute Hearing held via videoconference on 7/13/2022. Discovery extended to 7/29/2022. Joint Status Report due by 7/27/2022. (Court Reporter: Tammy Nestor) (zjd) (Entered: 07/13/2022) |
| 07/15/2022 | | MINUTE ORDER. The Post–Discovery Status Conference scheduled for July 20, 2022 at 1:00 p.m. is hereby vacated and will be rescheduled to a later date. Signed by Judge Amit P. Mehta on 07/15/2022. (lcapm3) (Entered: 07/15/2022) |
| 07/27/2022 | 70 | Joint STATUS REPORT by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 07/27/2022) |
| 07/29/2022 | 71 | MOTION for Extension of Time to *EXTEND DISCOVERY CUTOFF AND RESCHEDULE POST–DISCOVERY STATUS CONFERENCE* by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 07/29/2022) |
| 08/01/2022 | | MINUTE ORDER. Defendants shall advise the court by August 3, 2022, whether they oppose the requested extension of time to complete discovery. Signed by Judge Amit P. Mehta on 08/01/2022. (lcapm3) (Entered: 08/01/2022) |
| 08/01/2022 | 72 | NOTICE *OF DEFENDANTS' CONSENT TO DISCOVERY EXTENSION* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 71 Motion for Extension of Time to (Oster, Steven) (Entered: 08/01/2022) |
| 08/02/2022 | | MINUTE ORDER granting Plaintiff's 71 Motion to Extend Discovery Cutoff and Reschedule Post–Discovery Conference. The discovery cutoff is hereby extended to August 19, 2022. The parties shall appear for a remote post–discovery conference on August 25, 2022, at 9:15 a.m. Signed by Judge Amit P. Mehta on 08/02/2022. (lcapm3) (Entered: 08/02/2022) |

| 09/01/2022 | 73 | Joint STATUS REPORT by CHRISTOPHER CHANDLER (Watkins, Daniel) Modified docket event/text on 9/2/2022 (zed). (Entered: 09/01/2022) |
|---|---|---|
| 09/07/2022 | 74 | MOTION for Leave to File *the Amended Complaint* by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(Watkins, Daniel) (Entered: 09/07/2022) |
| 09/07/2022 | 75 | DECLARATION *of Daniel P. Watkins* by CHRISTOPHER CHANDLER re 74 MOTION for Leave to File *the Amended Complaint* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 16)(Watkins, Daniel) (Entered: 09/07/2022) |
| 09/08/2022 | 76 | ERRATA *Inadvertently Omitted Ex. 15 to Declaration of Daniel P. Watkins* by CHRISTOPHER CHANDLER re 75 Declaration,. (Attachments: # 1 Exhibit 15)(Watkins, Daniel) (Entered: 09/08/2022) |
| 09/14/2022 | | MINUTE ORDER. At the post–discovery conference held on August 25, 2022, the court asked the parties to submit a Joint Status Report by September 1, 2022, which proposed a schedule for further proceedings, including summary judgment briefing, if the parties declined to pursue mediation. In the filed report, ECF No. 73 , the parties advised that mediation was not an option at this time and notified the court that Plaintiff would be filing a motion to amend the complaint, but they did not propose a schedule for summary judgment briefing. The parties shall submit a proposed schedule by September 21, 2022, which reflects the exchange of four briefs, if both parties intend to move. Signed by Judge Amit P. Mehta on 09/14/2022. (lcapm3) (Entered: 09/14/2022) |
| 09/19/2022 | 77 | Consent MOTION for Extension of Time to File Response/Reply as to 74 MOTION for Leave to File *the Amended Complaint* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Supplement)(Oster, Steven) (Entered: 09/19/2022) |
| 09/20/2022 | | MINUTE ORDER granting Defendant's 77 Consent Motion for Extension of Time to File Response/Reply as to Plaintiff's 74 Motion for Leave to Amend Complaint. Defendant's Response/Reply is now due on or before September 26, 2022. Signed by Judge Amit P. Mehta on 9/20/2022. (lcapm3) (Entered: 09/20/2022) |
| 09/21/2022 | 78 | PROPOSED BRIEFING SCHEDULE by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 09/21/2022) |
| 09/22/2022 | 79 | ORDER entering the parties' 78 Joint Proposed Briefing Schedule. In addition to entering the briefing schedule set forth in the attached Order, the court also rejects the parties' page enlargement requests. All briefs submitted shall comply with the page limits set forth in Local Civil Rule 7(e). See attached Order for additional details. Signed by Judge Amit P. Mehta on 9/22/2022. (lcapm3) (Entered: 09/22/2022) |
| 09/26/2022 | 80 | Memorandum in opposition to re 74 Motion for Leave to File *AMENDED COMPLAINT* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit |

| | | |
|---|---|---|
| | | 11, # <u>12</u> Text of Proposed Order)(Oster, Steven) (Entered: 09/26/2022) |
| 09/26/2022 | <u>81</u> | ERRATA *Ex. 10 to Defendants' Opposition to Plaintiff's Motion for Leave to Amend (Executed Berlin Declaration)* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re <u>80</u> Memorandum in Opposition,. (Oster, Steven) (Entered: 09/26/2022) |
| 10/03/2022 | <u>82</u> | REPLY to opposition to motion re <u>74</u> MOTION for Leave to File *the Amended Complaint* filed by CHRISTOPHER CHANDLER. (Attachments: # <u>1</u> Declaration Declaration of Daniel P. Watkins in support of Plaintiff's Reply, # <u>2</u> Exhibit Ex. 1 to Watkins Declaration, # <u>3</u> Exhibit Ex. 2 to Watkins Declaration, # <u>4</u> Exhibit Ex. 3 to Watkins Declaration, # <u>5</u> Exhibit Ex. 4 to Watkins Declaration, # <u>6</u> Exhibit Ex. 5 to Watkins Declaration, # <u>7</u> Exhibit Ex. 6 to Watkins Declaration, # <u>8</u> Exhibit Ex. 7 to Watkins Declaration, # <u>9</u> Exhibit Ex. 8 to Watkins Declaration, # <u>10</u> Exhibit Ex. 9 to Watkins Declaration)(Watkins, Daniel) (Entered: 10/03/2022) |
| 10/11/2022 | <u>83</u> | MOTION for Leave to File *SUR–REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # <u>1</u> Proposed Sur–Reply, # <u>2</u> Supplement)(Oster, Steven) (Entered: 10/11/2022) |
| 11/07/2022 | <u>84</u> | Consent MOTION for Extension of Time to *FILE SUMMARY JUDGMENT BRIEFS* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # <u>1</u> Text of Proposed Order)(Oster, Steven) (Entered: 11/07/2022) |
| 11/08/2022 | <u>85</u> | ORDER granting <u>84</u> Consent Motion for Extension of Time to File Summary Judgment Briefs. The summary judgment briefing schedule is adjusted as follows: The Defendants' Motion for Summary Judgment is due on or before November 18, 2022. Plaintiff's Opposition and Cross–Motion is due on or before January 6, 2023. Defendants' Reply and Opposition is due on or before January 27, 2023. Plaintiff's Reply is due on or before February 10, 2023. See attached Order for additional details. Signed by Judge Amit P. Mehta on 11/07/2022. (lcapm3) (Entered: 11/08/2022) |
| 11/18/2022 | <u>86</u> | MOTION for Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # <u>1</u> Statement of Facts, # <u>2</u> Memorandum in Support, # <u>3</u> Exhibit 1, # <u>4</u> Exhibit 2, # <u>5</u> Exhibit 3, # <u>6</u> Exhibit 4, # <u>7</u> Exhibit 5, # <u>8</u> Exhibit 6, # <u>9</u> Exhibit 7, # <u>10</u> Exhibit 8, # <u>11</u> Exhibit 9, # <u>12</u> Exhibit 10, # <u>13</u> Exhibit 11, # <u>14</u> Exhibit 12, # <u>15</u> Exhibit 13)(Oster, Steven) (Entered: 11/18/2022) |
| 11/18/2022 | <u>87</u> | ERRATA *Proposed Order Granting Defendants' Motion for Summary Judgment* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re <u>86</u> Motion for Summary Judgment,. (Oster, Steven) (Entered: 11/18/2022) |
| 01/06/2023 | <u>88</u> | MOTION for Partial Summary Judgment by CHRISTOPHER CHANDLER. (Attachments: # <u>1</u> Statement of Facts, # <u>2</u> Memorandum in Support, # <u>3</u> Declaration, # <u>4</u> Exhibit 1, # <u>5</u> Exhibit 2, # <u>6</u> Exhibit 3, # <u>7</u> Exhibit 4, # <u>8</u> Exhibit 5, # <u>9</u> Exhibit 6, # <u>10</u> Exhibit 7, # <u>11</u> Exhibit 8, # <u>12</u> Exhibit 9, # <u>13</u> Exhibit 10, # <u>14</u> Exhibit 11, # <u>15</u> Exhibit 12, # <u>16</u> Exhibit 13, # <u>17</u> Exhibit 14, # <u>18</u> Exhibit 15, # <u>19</u> Exhibit 16, # <u>20</u> Exhibit 17, # <u>21</u> Exhibit 18, # <u>22</u> Text of Proposed Order)(Watkins, Daniel) (Entered: 01/06/2023) |

| 01/06/2023 | 89 | RESPONSE re 86 MOTION for Summary Judgment *OPPOSITION* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 PLAINTIFFS RESPONSE TO DEFENDANTS STATEMENT OF MATERIAL FACTS, # 2 PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, # 3 Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Text of Proposed Order)(Watkins, Daniel) (Entered: 01/06/2023) |
| 01/25/2023 | 90 | Consent MOTION for Extension of Time to File Response/Reply as to 86 MOTION for Summary Judgment , 88 MOTION for Partial Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 01/25/2023) |
| 01/26/2023 | | ORDER granting 90 Motion for Extension of Time to File Response/Reply. Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Reply in Support of their Motion for Summary Judgment are due on Friday, February 10, 2023. Plaintiff's Reply in Support of his Motion for Partial Summary Judgment is due on Friday, March 3, 2023. Signed by Judge Amit P. Mehta on 01/26/2023. (lcapm3) (Entered: 01/26/2023) |
| 01/26/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 90 Consent MOTION for Extension of Time to File Response/Reply as to 86 MOTION for Summary Judgment , 88 MOTION for Partial Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/2/2023. (zbaj) Modified on 2/3/2023 (zbaj). (Entered: 01/26/2023) |
| 02/09/2023 | 91 | Consent MOTION for Extension of Time to File Response/Reply *to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 02/09/2023) |
| 02/09/2023 | | MINUTE ORDER granting 91 Motion for Extension of Time to File Response/Reply. Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Reply in Support of their Motion for Summary Judgment are due on Tuesday, February 14, 2023. Plaintiff's Reply in Support of his Motion for Partial Summary Judgment is due on Tuesday, March 7, 2023. Signed by Judge Amit P. Mehta on 02/09/2023. (lcapm3) (Entered: 02/09/2023) |

| 02/13/2023 | 92 | Consent MOTION for Extension of Time to File Response/Reply as to 86 MOTION for Summary Judgment , 88 MOTION for Partial Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 02/13/2023) |
|---|---|---|
| 02/14/2023 | | MINUTE ORDER granting 92 Motion for Extension of Time to File Response/Reply. Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Reply in Support of their Motion for Summary Judgment is due on Friday, February 17, 2023. Signed by Judge Amit P. Mehta on 02/14/2023. (lcapm3) (Entered: 02/14/2023) |
| 02/17/2023 | 93 | REPLY to opposition to motion re 86 MOTION for Summary Judgment filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Declaration of John P. Dean, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Errata 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Oster, Steven) Modified docket relationship on 2/27/2023 (zed). (Entered: 02/17/2023) |
| 02/17/2023 | 94 | Memorandum in opposition to re 88 Motion for Partial Summary Judgment,, filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Statement of Facts in Dispute, # 2 Declaration of John P. Dean, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Text of Proposed Order)(Oster, Steven) (Entered: 02/17/2023) |
| 03/01/2023 | 95 | ERRATA *Pages to REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 94 Memorandum in Opposition,,. (Oster, Steven) (Entered: 03/01/2023) |
| 03/07/2023 | 96 | REPLY to opposition to motion re 88 MOTION for Partial Summary Judgment filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 03/07/2023) |
| 03/13/2023 | 97 | Joint MOTION for Hearing re 74 MOTION for Leave to File *the Amended Complaint*, 86 MOTION for Summary Judgment , 88 MOTION for Partial Summary Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 03/13/2023) |
| 03/15/2023 | | MINUTE ORDER denying without prejudice 97 Joint Motion for Hearing. Given the court's current docket, the court cannot at this time set a hearing on the pending motions. It will endeavor to turn to the motions as soon as practicable. Signed by Judge Amit P. Mehta on 03/15/2023. (lcapm3) (Entered: 03/15/2023) |
| 08/17/2023 | 98 | NOTICE of Change of Address by Megan Lambart Meier (Meier, Megan) (Entered: 08/17/2023) |
| 08/17/2023 | 99 | NOTICE of Change of Address by Daniel P. Watkins (Watkins, Daniel) (Entered: 08/17/2023) |

| 08/18/2023 | 100 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CHRISTOPHER CHANDLER. Attorney Thomas A. Clare terminated. (Clare, Thomas) (Entered: 08/18/2023) |
|---|---|---|
| 08/18/2023 | 101 | NOTICE OF WITHDRAWAL OF APPEARANCE as to CHRISTOPHER CHANDLER. Attorney Nicholas Justin Brechbill terminated. (Brechbill, Nicholas) (Entered: 08/18/2023) |
| 09/05/2023 | 102 | MEMORANDUM OPINION AND ORDER denying Defendants' 86 Motion for Summary Judgment and granting in part Plaintiff's 88 Cross–Motion for Partial Summary Judgment. See the attached Memorandum Opinion and Order for additional details. The parties shall appear remotely for a status conference on September 20, 2023 at 9:00 AM. The courtroom deputy will circulate connection information to counsel. Members of the public may access the hearing by dialing the court's toll–free public access line: (877) 848–7030, access code 321–8747. Signed by Judge Amit P. Mehta on 09/05/2023. (lcapm2) (Entered: 09/05/2023) |
| 09/05/2023 | 103 | ORDER denying Plaintiff's 74 Motion for Leave to File an Amended Complaint and granting Defendants' 83 Motion for Leave to File a Sur–Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/05/2023. (lcapm2) (Entered: 09/05/2023) |
| 09/21/2023 | | MINUTE ORDER. The parties shall appear for a hearing on December 15, 2023, at 1:30PM in Courtroom 10, regarding the issue of whether Plaintiff is a public or private figure for the purposes of defamation law. The parties shall submit briefing on this issue no later than December 8, 2023. Signed by Judge Amit P. Mehta on 9/21/23. (lcapm2) (Entered: 09/21/2023) |
| 09/21/2023 | 104 | PRETRIAL ORDER: Trial is set to commence in this matter on April 22, 2024, at 9:30 a.m., in Courtroom 10. The following deadlines shall govern this matter: (1) each party shall file motions in limine on or before March 1, 2024; (2) oppositions to motions in limine shall be filed on or before March 18, 2024; (3) replies in support of motions in limine shall be filed on or before March 25, 2024; (4) the parties' Joint Pretrial Statement is due on or before April 1, 2024; and (5) a Pretrial Conference is scheduled for April 8, 2024 at 10:00 a.m. in Courtroom 10. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/21/23. (lcapm2) (Entered: 09/21/2023) |
| 10/03/2023 | 105 | MOTION for Reconsideration re 103 Order on Motion for Leave to File,,, 102 Order on Motion for Summary Judgment,,,, Order on Motion for Partial Summary Judgment,, by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Text of Proposed Order)(Oster, Steven) (Entered: 10/03/2023) |
| 10/05/2023 | | NOTICE OF ERROR re 105 Motion for Reconsideration; emailed to soster@ostermcbride.com, cc'd 5 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 10/05/2023) |
| 10/17/2023 | 106 | Memorandum in opposition to re 105 Motion for Reconsideration, filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 10/17/2023) |

| 10/24/2023 | 107 | REPLY to opposition to motion re 105 MOTION for Reconsideration re 103 Order on Motion for Leave to File,,, 102 Order on Motion for Summary Judgment,,, Order on Motion for Partial Summary Judgment,, filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1)(Oster, Steven) (Entered: 10/24/2023) |
| 12/07/2023 | 108 | NOTICE of Appearance by Mark Thomson on behalf of CHRISTOPHER CHANDLER (Thomson, Mark) (Entered: 12/07/2023) |
| 12/08/2023 | 109 | SUPPLEMENTAL MEMORANDUM re 94 by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Oster, Steven) Modified event on 12/13/2023 (mg). (Entered: 12/08/2023) |
| 12/08/2023 | 110 | SUPPLEMENTAL MEMORANDUM to re 88 MOTION for Partial Summary Judgment *In Support of Summary Judgment That Plaintiff Is A Private Figure* filed by CHRISTOPHER CHANDLER. (Thomson, Mark) (Entered: 12/08/2023) |
| 12/11/2023 | 111 | ERRATA by CHRISTOPHER CHANDLER re 110 Supplemental Memorandum. (Attachments: # 1 Corrected Supplemental Brief In Support Of Summary Judgment That Christopher Chandler Is A Private Figure)(Thomson, Mark) (Entered: 12/11/2023) |
| 12/13/2023 | | NOTICE of Hearing: Oral Argument set for 12/15/2023 at 1:30 PM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 12/13/2023) |
| 12/15/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Oral Argument held on 12/15/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 12/15/2023) |
| 01/03/2024 | 112 | PRETRIAL ORDER: Trial is set to commence in this matter on July 15, 2024, at 9:30 a.m., in Courtroom 10. The following deadlines shall govern this matter: (1) each party shall file motions in limine on or before May 28, 2024; (2) oppositions to motions in limine shall be filed on or before June 1, 2024; (3) replies in support of motions in limine shall be filed on or before June 18, 2024; (4) the parties' Joint Pretrial Statement is due on or before June 24, 2024; and (5) a Pretrial Conference is scheduled for July 1, 2024 at 10:00 a.m. in Courtroom 10. This order supersedes the prior pretrial scheduling order, ECF No. 104. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/3/24. (lcapm2) Modified on 1/24/2024 (zjd). (Entered: 01/03/2024) |
| 01/04/2024 | | Set/Reset Deadlines/Hearings: Motion in Limine due by 5/28/2024. Oppositions to motions in limine due by 6/11/2024. Replies in support of motions in limine due by 6/18/2024. Pretrial Statement due by 6/24/2024. Pretrial Conference due for 7/1/2024 at 10:00 AM in Courtroom 10 before Judge Amit P. Mehta. Jury Selection/Jury Trial set for 7/15/2024 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. (smc) (Entered: 01/04/2024) |
| 01/10/2024 | 113 | MEMORANDUM OPINION AND ORDER denying in part Plaintiff's 88 Cross–Motion for Summary Judgment, insofar as he sought recognition as private figure. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 1/10/24. (lcapm2) (Entered: 01/10/2024) |
| 01/10/2024 | 114 | MEMORANDUM OPINION AND ORDER denying Defendants' 105 Motion for Reconsideration. See the attached Memorandum Opinion and Order for additional |

| | | details. Signed by Judge Amit P. Mehta on 1/10/24. (lcapm2) (Entered: 01/10/2024) |
|---|---|---|
| 03/05/2024 | 115 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on September 20, 2023; Page Numbers: 1–12. Date of Issuance: March 5, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br><span style="color:red">**NOTICE RE REDACTION OF TRANSCRIPTS:**</span> The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/26/2024. Redacted Transcript Deadline set for 4/5/2024. Release of Transcript Restriction set for 6/3/2024.(Zaremba, William) (Entered: 03/05/2024) |
| 04/30/2024 | 116 | NOTICE of Appearance by Amy McCann Roller on behalf of CHRISTOPHER CHANDLER (Roller, Amy) (Entered: 04/30/2024) |
| 05/23/2024 | 117 | MOTION to Modify by DONALD BERLIN. (Attachments: # 1 Text of Proposed Order Proposed Order)(Dean, John) (Entered: 05/23/2024) |
| 05/24/2024 | 118 | ORDER granting Defendants' 117 Consent Motion to Modify the Pretrial Schedule. The pretrial schedule is modified as follows: (1) the parties shall exchange exhibit lists on or before May 30, 2024; (2) the parties' initial meeting shall be on or before June 3, 2024; (3) the parties' motions in limine shall be due on or before June 5, 2024; (4) the parties' opposition to motions in limine shall be due on or before June 14, 2024; (5) the parties' replies in support of motions in limine shall be due on or before June 21, 2024; and the Joint Pretrial Statement shall be due on or before June 26, 2024. The Pretrial Conference is unchanged and shall proceed on July 1, 2024, at 10:00 a.m. in Courtroom 10. See the attached order for additional details. Signed by Judge Amit P. Mehta on 5/23/24. (lcapm2)Modified to correct date signed on 5/24/2024 (zsmc). (Entered: 05/24/2024) |
| 05/24/2024 | | Set/Reset Deadlines: Parties to Exchange Exhibit Lists by 5/30/2024. Parties' Initial Meeting by 6/3/2024. Motion in Limine due by 6/5/2024. Responses due by 6/14/2024. Replies due by 6/21/2024. (smc) (Entered: 05/24/2024) |
| 06/05/2024 | 119 | MOTION in Limine *to Exclude References to Finances and Residence* by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 120 | MOTION in Limine *to Exclude Testimony Regarding Alternative Defamers* by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Berlin Dep. Tr., Vol. I, # 4 Berlin Dep. Tr., Vol. II, # 5 Eringer Dep. Tr., # 6 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |

| 06/05/2024 | 121 | MOTION in Limine *to Exclude The Goodness of Business* by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
|---|---|---|
| 06/05/2024 | 122 | MOTION in Limine *to Exclude the So−Called Monaco Police Files* by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 123 | MOTION in Limine *to Exclude Multiple Hearsay from the So−Called Oracle System, Clair George, and William Lofgren* by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 124 | MOTION in Limine *to Exclude Improper Lay Opinion* by CHRISTOPHER CHANDLER. (Attachments: # 1 Eringer Dep. Tr., # 2 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 125 | MOTION in Limine *to Exclude Robert Eringers Testimony Elicited Through Leading Questions* by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 126 | MOTION for Sanctions *for Destruction of Electronically Stored Information* by CHRISTOPHER CHANDLER. (Attachments: # 1 Declaration of Amy M. Roller, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Eringer Dep. Tr., # 8 Berlin Dep. Tr., Vol. I, # 9 Berlin Dep. Tr., Vol. II, # 10 Text of Proposed Order)(Watkins, Daniel) (Entered: 06/05/2024) |
| 06/05/2024 | 127 | MOTION in Limine *No. 1 − Hoffman Opinion* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Text of Proposed Order)(Oster, Steven) (Entered: 06/05/2024) |
| 06/05/2024 | 128 | MOTION in Limine *2 − Plaintiff's Exs. 13 and 19* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 13, # 2 Exhibit 19, # 3 Text of Proposed Order)(Oster, Steven) (Entered: 06/05/2024) |
| 06/05/2024 | 129 | MOTION in Limine *No. 4 − Plaintiff's Ex. 20* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 20, # 2 Text of Proposed Order)(Oster, Steven) (Entered: 06/05/2024) |
| 06/05/2024 | 130 | MOTION in Limine *No. 5 − Promising Jury Award, if any, Donated to Charity* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 06/05/2024) |
| 06/05/2024 | 131 | MOTION in Limine *No. 6 − Plaintiff's Ex. 15* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 15, # 2 Text of Proposed Order)(Oster, Steven) (Entered: 06/05/2024) |
| 06/05/2024 | 132 | MOTION in Limine *No 3 − George, Eringer Convictions* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Oster, Steven) (Entered: 06/05/2024) |
| 06/06/2024 | | NOTICE OF ERROR re 127 Motion in Limine; emailed to soster@ostermcbride.com, cc'd 7 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 06/06/2024) |
| 06/09/2024 | 133 | Consent MOTION for Extension of Time to File Response/Reply *to Motions in Limine* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 06/09/2024) |
| 06/11/2024 | | MINUTE ORDER granting 133 Consent Motion to Extend the Due Date for Parties' Oppositions to Motions in Limine. The parties' oppositions shall be due by June 17, 2024. Signed by Judge Amit P. Mehta on 6/11/24. (lcapm2) (Entered: 06/11/2024) |
| 06/13/2024 | | Set/Reset Deadlines: Responses due by 6/17/2024 (zakb) (Entered: 06/13/2024) |
| 06/17/2024 | 134 | Memorandum in opposition to re 127 Motion in Limine *No. 1* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/17/2024) |
| 06/17/2024 | 135 | Memorandum in opposition to re 128 Motion in Limine, *No. 2* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/17/2024) |
| 06/17/2024 | 136 | Memorandum in opposition to re 132 Motion in Limine *No. 3* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Watkins, Daniel) (Entered: 06/17/2024) |
| 06/17/2024 | 137 | Memorandum in opposition to re 129 Motion in Limine *No. 4* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/17/2024) |
| 06/17/2024 | 138 | Memorandum in opposition to re 130 Motion in Limine *No. 5* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/17/2024) |
| 06/17/2024 | 139 | Memorandum in opposition to re 131 Motion in Limine *No. 6* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Declaration of Daniel P. Watkins, # 2 Exhibit A, # 3 Exhibit B)(Watkins, Daniel) (Entered: 06/17/2024) |
| 06/17/2024 | 140 | RESPONSE re 122 MOTION in Limine *to Exclude the So−Called Monaco Police Files* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 16, # 2 Exhibit 20, # 3 Exhibit 21)(Oster, Steven) (Entered: 06/17/2024) |
| 06/17/2024 | 141 | RESPONSE re 125 MOTION in Limine *to Exclude Robert Eringers Testimony Elicited Through Leading Questions* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1)(Oster, Steven) (Entered: 06/17/2024) |
| 06/17/2024 | 142 | RESPONSE re 121 MOTION in Limine *to Exclude The Goodness of Business* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 06/17/2024) |
| 06/17/2024 | 143 | RESPONSE re 119 MOTION in Limine *to Exclude References to Finances and Residence* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) |

| | | |
|---|---|---|
| | | (Entered: 06/17/2024) |
| 06/17/2024 | 144 | RESPONSE re 126 MOTION for Sanctions *for Destruction of Electronically Stored Information* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 06/17/2024) |
| 06/17/2024 | 145 | RESPONSE re 123 MOTION in Limine *to Exclude Multiple Hearsay from the So−Called Oracle System, Clair George, and William Lofgren*, 120 MOTION in Limine *to Exclude Testimony Regarding Alternative Defamers* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1)(Oster, Steven) (Entered: 06/17/2024) |
| 06/17/2024 | 146 | RESPONSE re 124 MOTION in Limine *to Exclude Improper Lay Opinion* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1)(Oster, Steven) (Entered: 06/17/2024) |
| 06/18/2024 | 147 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 119 MOTION in Limine *to Exclude References to Finances and Residence* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 148 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 120 MOTION in Limine *to Exclude Testimony Regarding Alternative Defamers* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 149 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 121 MOTION in Limine *to Exclude The Goodness of Business* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 150 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 122 MOTION in Limine *to Exclude the So−Called Monaco Police Files* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 151 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 123 MOTION in Limine *to Exclude Multiple Hearsay from the So−Called Oracle System, Clair George, and William Lofgren* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 152 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 124 MOTION in Limine *to Exclude Improper Lay Opinion* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 153 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 125 MOTION in Limine *to Exclude Robert Eringers* |

| | | |
|---|---|---|
| | | *Testimony Elicited Through Leading Questions* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 154 | NOTICE of Proposed Order by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 126 MOTION for Sanctions *for Destruction of Electronically Stored Information* (Oster, Steven) Modified event on 6/20/2024 (mg). (Entered: 06/18/2024) |
| 06/18/2024 | 155 | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re 134 Memorandum in Opposition (Watkins, Daniel) (Entered: 06/18/2024) |
| 06/18/2024 | 156 | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re 135 Memorandum in Opposition (Watkins, Daniel) (Entered: 06/18/2024) |
| 06/18/2024 | 157 | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re 136 Memorandum in Opposition (Watkins, Daniel) (Entered: 06/18/2024) |
| 06/18/2024 | 158 | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re 137 Memorandum in Opposition (Watkins, Daniel) (Entered: 06/18/2024) |
| 06/18/2024 | 159 | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re 138 Memorandum in Opposition (Watkins, Daniel) (Entered: 06/18/2024) |
| 06/18/2024 | 160 | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re 139 Memorandum in Opposition (Watkins, Daniel) (Entered: 06/18/2024) |
| 06/20/2024 | | NOTICE OF ERROR re 147 Response to motion; emailed to soster@ostermcbride.com, cc'd 8 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Event corrected. (mg, ) (Entered: 06/20/2024) |
| 06/21/2024 | 161 | REPLY to opposition to motion re 119 MOTION in Limine *to Exclude References to Finances and Residence* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/21/2024) |
| 06/21/2024 | 162 | REPLY to opposition to motion re 120 MOTION in Limine *to Exclude Testimony Regarding Alternative Defamers* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A)(Watkins, Daniel) (Entered: 06/21/2024) |
| 06/21/2024 | 163 | REPLY to opposition to motion re 121 MOTION in Limine *to Exclude The Goodness of Business* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A)(Watkins, Daniel) (Entered: 06/21/2024) |
| 06/21/2024 | 164 | REPLY to opposition to motion re 123 MOTION in Limine *to Exclude Multiple Hearsay from the So–Called Oracle System, Clair George, and William Lofgren* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A)(Watkins, Daniel) (Entered: 06/21/2024) |
| 06/21/2024 | 165 | REPLY to opposition to motion re 122 MOTION in Limine *to Exclude the So–Called Monaco Police Files* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A)(Watkins, Daniel) (Entered: 06/21/2024) |
| 06/21/2024 | 166 | REPLY to opposition to motion re 124 MOTION in Limine *to Exclude Improper Lay Opinion* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/21/2024) |

| 06/21/2024 | 167 | REPLY to opposition to motion re 125 MOTION in Limine *to Exclude Robert Eringers Testimony Elicited Through Leading Questions* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/21/2024) |
| --- | --- | --- |
| 06/21/2024 | 168 | REPLY to opposition to motion re 126 MOTION for Sanctions *for Destruction of Electronically Stored Information* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 06/21/2024) |
| 06/21/2024 | 169 | REPLY to opposition to motion re 127 MOTION in Limine *No. 1 – Hoffman Opinion* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 06/21/2024) |
| 06/21/2024 | 170 | REPLY to opposition to motion re 128 MOTION in Limine *2 – Plaintiff's Exs. 13 and 19* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 06/21/2024) |
| 06/21/2024 | 171 | REPLY to opposition to motion re 130 MOTION in Limine *No. 5 – Promising Jury Award, if any, Donated to Charity* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 06/21/2024) |
| 06/21/2024 | 172 | Consent MOTION for Extension of Time to File Response/Reply *to Two Motions in Limine* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 06/21/2024) |
| 06/23/2024 | 173 | Supplemental MOTION for Extension of Time to File Response/Reply *In support of motions in limine* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Dean, John) (Entered: 06/23/2024) |
| 06/24/2024 | | MINUTE ORDER granting Defendants' Consent Motions to Extend the Deadline for Filing Replies in Support of Their Motions in Limine. ECF Nos. 172, 173. Defendants' replies in support of their motions in limine shall be due by June 24, 2024. Signed by Judge Amit P. Mehta on 6/24/24. (lcapm2) (Entered: 06/24/2024) |
| 06/24/2024 | 174 | REPLY to opposition to motion re 131 MOTION in Limine *No. 6 – Plaintiff's Ex. 15* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Oster, Steven) (Entered: 06/24/2024) |
| 06/24/2024 | 175 | REPLY to opposition to motion re 132 MOTION in Limine *No 3 – George, Eringer Convictions* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Oster, Steven) (Entered: 06/24/2024) |
| 06/24/2024 | 176 | REPLY to opposition to motion re 129 MOTION in Limine *No. 4 – Plaintiff's Ex. 20* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Oster, Steven) (Entered: 06/24/2024) |
| 06/25/2024 | 177 | ERRATA *[Exhibit 6]* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC re 176 |

| | | |
|---|---|---|
| | | Reply to opposition to Motion,. (Oster, Steven) (Entered: 06/25/2024) |
| 06/25/2024 | 178 | Consent MOTION for Extension of Time to *file Joing Pretrial Statement* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order)(Oster, Steven) (Entered: 06/25/2024) |
| 06/26/2024 | | MINUTE ORDER granting Defendants' 178 Consent Motion to Extend the Deadline to File Joint Pretrial Statement. The Joint Pretrial Statement shall be due by June 27, 2024. Signed by Judge Amit P. Mehta on 6/26/24. (lcapm2) (Entered: 06/26/2024) |
| 06/26/2024 | | NOTICE of Hearing: Pretrial Conference set for 7/1/2024 at 9:30 AM in Courtroom 10– In Person before Judge Amit P. Mehta. (zakb) (Entered: 06/26/2024) |
| 06/26/2024 | | Set/Reset Deadlines: Joint Pretrial Statement due by 6/27/2024. (zakb) (Entered: 06/26/2024) |
| 06/27/2024 | 179 | PRETRIAL STATEMENT by CHRISTOPHER CHANDLER. (Attachments: # 1 Appendix Parties' Combined Proposed Jury Instructions)(Thomson, Mark) (Entered: 06/27/2024) |
| 06/28/2024 | | NOTICE OF ERROR re 179 Pretrial Statement; emailed to mark.thomson@mwpp.com, cc'd 8 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 06/28/2024) |
| 06/30/2024 | 180 | NOTICE *Withdrawing Pl.'s Previously Identified Exs. 7–13 & 72* by CHRISTOPHER CHANDLER re 179 Pretrial Statement (Watkins, Daniel) (Entered: 06/30/2024) |
| 07/01/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Pretrial Conference held on 7/1/2024. Oral arguments heard on Plaintiff's motions No.'s 119 – 126 and Defendant's motions ECF No.'s 127 – 132. Oral arguments heard on admissibility of Plaintiff's exhibits; Order forthcoming from chambers. Parties were directed to inform the Court of discussions relating to Defendant's exhibits by 7/8/2024. (Court Reporter William Zaremba) (zakb) (Entered: 07/01/2024) |
| 07/02/2024 | 181 | NOTICE OF SUPPLEMENTAL AUTHORITY by CHRISTOPHER CHANDLER (Watkins, Daniel) (Entered: 07/02/2024) |
| 07/03/2024 | 182 | ORDER ruling on the parties' motions in limine, ECF Nos. 119, 120, 121, 122, 123, 124, 125, 127, 128, 129, 130, 131, 132. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 7/3/24. (lcapm2) (Entered: 07/03/2024) |
| 07/03/2024 | 183 | MOTION to Continue *TRIAL* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Declaration of Donald Berlin, # 2 Exhibit to Berlin Declaration, # 3 Declaration of Steven Oster, # 4 Text of Proposed Order)(Oster, Steven) (Entered: 07/03/2024) |
| 07/03/2024 | 184 | Memorandum in opposition to re 126 Motion for Sanctions, *Opposition to Notice of Supplemental Authority* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 07/03/2024) |

| 07/03/2024 | 185 | NOTICE OF SUPPLEMENTAL AUTHORITY by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC (Oster, Steven) (Entered: 07/03/2024) |
|---|---|---|
| 07/03/2024 | 186 | Memorandum in opposition to re 183 Motion to Continue, filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order DENYING Defendants' Motion for Continuance, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Watkins, Daniel) (Entered: 07/03/2024) |
| 07/03/2024 | 187 | NOTICE *of Supplemental Briefing Regarding Additional Republications* by CHRISTOPHER CHANDLER (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Watkins, Daniel) (Entered: 07/03/2024) |
| 07/05/2024 | 188 | NOTICE by CHRISTOPHER CHANDLER re 183 Motion to Continue, (Watkins, Daniel) (Entered: 07/05/2024) |
| 07/05/2024 | 189 | REPLY to opposition to motion re 183 MOTION to Continue *TRIAL* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 07/05/2024) |
| 07/05/2024 |  | MINUTE ORDER granting Defendants' 183 Motion to Continue Trial Date. Defendants have established good cause to vacate the current trial date of July 15, 2024, based on defense counsel's representations about Mr. Berlin's health and their inability to work with him to prepare for trial. The court does not grant this request lightly, given the prejudice this causes Plaintiff, who has made international travel arrangements, including for witnesses, to be present for trial. The July 15 trial date is hereby vacated and reset for August 21, 2024, at 9:30 a.m. in Courtroom 10. If any counsel or parties are unavailable to start and complete trial on that schedule, they shall notify the court immediately by motion of their availability after meeting and conferring with opposing counsel. Any such motion shall set forth three dates of mutual availability after October 7, 2024. Signed by Judge Amit P. Mehta on 07/05/2024. (lcapm3) (Entered: 07/05/2024) |
| 07/08/2024 | 190 | Joint MOTION to Continue *Trial* by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 07/08/2024) |
| 07/09/2024 |  | MINUTE ORDER granting 190 Joint Motion to Continue Trial. Trial in this matter shall now commence on October 15, 2024. The parties shall appear remotely for a pretrial conference on October 8, 2024, at 9:30 a.m. to determine trial readiness and resolve any outstanding pretrial matters. The trial date of August 21, 2024, is hereby vacated. Signed by Judge Amit P. Mehta on 07/09/2024. (lcapm3) (Entered: 07/09/2024) |
| 07/10/2024 |  | Set/Reset Deadlines/Hearings: Jury Trial set for 10/15/2024 at 09:30 AM in Courtroom 10– In Person before Judge Amit P. Mehta. Pretrial Conference set for 10/8/2024 at 9:30 AM via Zoom before Judge Amit P. Mehta. (zakb) (Entered: 07/10/2024) |
| 07/11/2024 | 191 | ORDER. Plaintiff may obtain presumed damages upon a showing of actual malice and may present evidence of additional republications following a period of additional discovery. Such discovery must be completed within 60 days of this Order. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 7/11/24. (lcapm2) (Entered: 07/11/2024) |

| 07/11/2024 | 192 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on July 1, 2024; Page Numbers: 1–200. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |
| | | Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Zaremba, William) (Entered: 07/11/2024) |
| 07/16/2024 | | Set/Reset Deadlines: Discovery due by 9/9/2024. (zakb) (Entered: 07/16/2024) |
| 09/07/2024 | 193 | NOTICE of Change of Address by Steven Michael Oster (Oster, Steven) (Entered: 09/07/2024) |
| 09/09/2024 | 194 | STIPULATION by CHRISTOPHER CHANDLER. (Roller, Amy) (Entered: 09/09/2024) |
| 09/12/2024 | | NOTICE of Hearing: Discovery Hearing set for 9/17/2024 at 09:00 AM via video conference (Zoom) before Judge Amit P. Mehta. Interested members of the public and/or media may access the hearing by dialing the court's toll−free public access line: (877) 848−7030, access code 321−8747. (zakb) (Entered: 09/12/2024) |
| 09/17/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing held on 9/17/2024. Court heard discussions on the record regarding the parties' discovery issues. (Court Reporter William Zarmeba.) (zakb) (Entered: 09/17/2024) |
| 09/17/2024 | 195 | MOTION for Leave to File *Summary Judgment Motion Dismissing Plaintiff's New Republication Claims* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Text of Proposed Order Granting Leave, # 2 Proposed Motion for Summary Judgment, # 3 Memorandum in Support, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Statement of Facts Not in Dispute, # 8 Text of Proposed Order Granting Summary Judgment)(Oster, Steven) (Entered: 09/17/2024) |
| 09/30/2024 | | MINUTE ORDER. Discovery Hearing set for October 1, 2024 at 09:15 AM via Zoom before Judge Amit P. Mehta. Signed by Judge Amit P. Mehta on 09/30/2024. (lcapm3) (Entered: 09/30/2024) |
| 10/01/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing held on 10/1/2024. Parties to submit written arguments by 10/3/2024. (Court Reporter William Zaremba.) (zakb) (Entered: 10/01/2024) |
| 10/01/2024 | 196 | |

| | | |
|---|---|---|
| | | RESPONSE re 195 MOTION for Leave to File *Summary Judgment Motion Dismissing Plaintiff's New Republication Claims* filed by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Thomson, Mark) (Entered: 10/01/2024) |
| 10/02/2024 | 197 | TRANSCRIPT OF DISCOVERY HEARING VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on October 1, 2024; Page Numbers: 1–28. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Zaremba, William) (Entered: 10/02/2024) |
| 10/02/2024 | | MINUTE ORDER. In light of the impending trial date, any reply brief in support of Defendants' Motion for Leave to File a Motion for Summary Judgment, ECF No. 195, shall be filed by October 4, 2024. Signed by Judge Amit P. Mehta on 10/02/2024. (lcapm3) (Entered: 10/02/2024) |
| 10/02/2024 | | Set/Reset Deadlines: Reply Briefs due by 10/4/2024. (zakb) (Entered: 10/02/2024) |
| 10/03/2024 | 198 | REPLY to opposition to motion re 195 Motion for Leave to File,, *Summary Judgment Motion* filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit Plaintiff's Interrogatory Answers, # 2 Exhibit Deposition Excerpts, # 3 Exhibit Email from Plaintiff's counsel, # 4 Exhibit Email from Plaintiff's counsel)(Dean, John) (Entered: 10/03/2024) |
| 10/03/2024 | 199 | RESPONSE TO ORDER OF THE COURT re Order, Set Hearings filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Dean, John) (Entered: 10/03/2024) |
| 10/03/2024 | 200 | RESPONSE re Discovery Hearing, Set Deadlines *Plaintiff's Precedent* filed by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 10/03/2024) |
| 10/07/2024 | 201 | ORDER overruling Defendants' work product assertion as to the communications between Berlin and Eringer. The cases cited by Defendants set forth general principles of the work product doctrine, but none involve circumstances like those present here. *See* ECF No. 199 . Please see attached Order for additional details. Signed by Judge |

| | | |
|---|---|---|
| | | Amit P. Mehta on 10/07/2024. (lcapm3) (Entered: 10/07/2024) |
| 10/07/2024 | 202 | PRETRIAL STATEMENT by CHRISTOPHER CHANDLER. (Attachments: # 1 Appendix Proposed Verdict Forms)(Watkins, Daniel) (Entered: 10/07/2024) |
| 10/08/2024 | 203 | STIPULATION *PROPOSED BY ALL PARTIES* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Dean, John) (Entered: 10/08/2024) |
| 10/08/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Pretrial Conference held on 10/8/2024. Court denied the Plaintiff's 126 MOTION for Sanctions *for Destruction of Electronically Stored Information*. Court reserved on the Defendant's 195 Motion for Leave to File Summary Judgment Dismissing Plaintiff's New Republication Claims; The parties are to submit additional authorities by close of business today, 10/8/2024. Counsel is to meet and confer then submit any disputed exhibits to the Court by 6:00pm on 10/10/2024. Further Pretrial Conference set for 10/11/2024 at 10:00 AM in Courtroom 10 (in person) before Judge Amit P. Mehta. (Court Reporter William Zaremba.)(zakb) Modified on 10/9/2024 to include courtroom that the hearing is to be heard in. (zakb) (Entered: 10/08/2024) |
| 10/08/2024 | 204 | MEMORANDUM re 195 MOTION for Leave to File *Summary Judgment Motion Dismissing Plaintiff's New Republication Claims* filed by INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC, INVESTIGATIVE CONSULTANTS, INC., DONALD BERLIN by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Dean, John) (Entered: 10/08/2024) |
| 10/08/2024 | 205 | MEMORANDUM re 195 MOTION for Leave to File *Summary Judgment Motion Dismissing Plaintiff's New Republication Claims* filed by INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC, INVESTIGATIVE CONSULTANTS, INC., DONALD BERLIN by CHRISTOPHER CHANDLER. (Thomson, Mark) (Entered: 10/08/2024) |
| 10/08/2024 | 206 | TRANSCRIPT OF PRETRIAL CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on October 8, 2024; Page Numbers: 1–84. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 10/29/2024. Redacted Transcript Deadline set for 11/8/2024. Release of Transcript Restriction set for 1/6/2025.(Zaremba, William) (Entered: 10/08/2024) |
| 10/08/2024 | 207 | NOTICE of Filing Revised Proposed Verdict Form by CHRISTOPHER CHANDLER re 202 Pretrial Statement (Roller, Amy) (Entered: 10/08/2024) |
| 10/09/2024 | 208 | MOTION for Leave to File Brief and for Oral Argument by CHRISTOPHER CHANDLER. (Attachments: # 1 Exhibit A)(Thomson, Mark) (Entered: 10/09/2024) |
| 10/09/2024 | 209 | ORDER denying 195 Defendants' Motion for Leave to File a Motion for Summary Judgment and denying as moot 208 Plaintiff's Motion for Oral Argument and For Leave to File a Brief. The court will permit Plaintiff to present evidence of Eringer's republications of The Pitch to French Intelligence and the CIA. The jury will be permitted to consider them in determining a damages award only if the republications were reasonably foreseeable to Defendants. See Chandler v. Berlin, 998 F.3d 965, 976 (D.C. Cir. 2021). Additionally, the court will deny Defendant's Motion for Leave to File a Motion for Summary Judgment, ECF No. 195, which is based on the incorrect premise that republications are relevant only as separate causes of action. The court also denies as moot Plaintiff's Motion for Oral Argument and Leave to File a Brief, ECF No. 208, because Plaintiff will not have to demonstrate that the republications caused special harm to recover presumed damages. See attached Order for additional details. Signed by Judge Amit P. Mehta on 10/09/2024. (lcapm3) (Entered: 10/09/2024) |
| 10/10/2024 | 210 | NOTICE of Filing Re Defendants' Exhibits by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Exhibit)(Dean, John) Modified event on 10/11/2024 (mg). (Entered: 10/10/2024) |
| 10/10/2024 | 211 | SUPPLEMENTAL MEMORANDUM to re 123 MOTION in Limine to Exclude Multiple Hearsay from the So−Called Oracle System, Clair George, and William Lofgren filed by CHRISTOPHER CHANDLER. (Roller, Amy) (Entered: 10/10/2024) |
| 10/10/2024 | 212 | Proposed Jury Instructions by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Proposed Jury Instruction)(Dean, John) (Entered: 10/10/2024) |
| 10/11/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Pretrial Conference held on 10/11/2024. Court heard the parties on legal issues and objections to exhibits. Trial date remains as previously set. (Court Reporter William Zaremba.) (zakb) (Entered: 10/11/2024) |
| 10/11/2024 | 213 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on October 11, 2024; Page Numbers: 1−97. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/1/2024. Redacted Transcript Deadline set for 11/11/2024. Release of Transcript Restriction set for 1/9/2025.(Zaremba, William) (Entered: 10/11/2024) |
| 10/15/2024 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Amit P. Mehta on 10/15/2024. (zakb) (Entered: 10/15/2024) |
| 10/15/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial held on 10/15/2024. Jury selection commenced and concluded. Eight jurors selected and sworn. Jury trial commenced and continued to 10/16/2024 at 9:30 AM in Courtroom 10 (in person) before Judge Amit P. Mehta. Plaintiff's Witness: Donald Berlin. (Court Reporters: William Zaremba and Sonja Reeves) (akb) (zakb) (Entered: 10/15/2024) |
| 10/16/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial held on 10/16/2024. Jury Trial resumed with eight jurors present. Jury Trial continued to 10/17/2024 at 9:15 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Donald Berlin (resumed from 10/15/2024) and Christopher Chandler. (Court Reporter William Zaremba and Sonja Reeves) (zakb) (zakb) (Entered: 10/16/2024) |
| 10/16/2024 | [215](#) | MOTION to Take Judicial Notice by DONALD BERLIN, INVESTIGATIVE CONSULTANTS INCORPORATED, INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Dean, John) (Entered: 10/16/2024) |
| 10/17/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial held on 10/17/2024. Jury Trial resumed with eight jurors present. Both parties rested. Court granted the Defendant's Unopposed Oral Motion for Judgment and enters judgment in favor of INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC against the Plaintiff. Jury Trial continued for 10/18/2024 at 9:15 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witness: Christopher Chandler (Resumed from 10/16/2024). Defendant's witnesses: Robert Eringer and Donald Berlin. (Court Reporter William Zaremba and Lisa Edwards) (zakb) Modified on 10/18/2024 to include witnesses (zakb). (Entered: 10/17/2024) |
| 10/17/2024 | [216](#) | JUDGMENT in favor of INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC against CHRISTOPHER CHANDLER. Signed by Judge Amit P. Mehta on 10/17/2024. (zakb) (Entered: 10/17/2024) |
| 10/17/2024 | [217](#) | STIPULATION *of Fact* by CHRISTOPHER CHANDLER. (Watkins, Daniel) (Entered: 10/17/2024) |
| 10/17/2024 | [234](#) | RESPONSE to Discovery Request from ALL DEFENDANTS by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC.. (Attachments: # [1](#) Exhibit). "Let this be filed." Signed by Judge Amit P. Mehta on 10/17/2024.(mg) (Entered: 10/24/2024) |

| 10/18/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial resumed with eight jurors. Jury charge conference held. Closing arguments commenced and concluded. Jury deliberations commenced and continued for 10/21/2024 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. (Court Reporter William Zaremba.) (zakb) (Entered: 10/18/2024) |
|---|---|---|
| 10/18/2024 | 220 | Jury Notes (2) dated 10/18/2024. (zakb) (Entered: 10/21/2024) |
| 10/18/2024 | 221 | **Signature Page of Foreperson**<br><br>in Jury Notes (2) dated 10/18/2024. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zakb) (Entered: 10/21/2024) |
| 10/18/2024 | 224 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS AND EXHIBIT LIST. (zakb) (Entered: 10/21/2024) |
| 10/20/2024 | 218 | Emergency MOTION for Reconsideration by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC.. (Attachments: # 1 Memorandum in Support Memorandum in Support of Defendants' Emergency Motion for Reconsideration of the Court's Response to the Jury's October 18 Note, # 2 Proposed Order)(Dean, John) (Entered: 10/20/2024) |
| 10/20/2024 | 219 | Memorandum in opposition to re 218 Motion for Reconsideration, filed by CHRISTOPHER CHANDLER. (Thomson, Mark) (Entered: 10/20/2024) |
| 10/21/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial held on 10/21/2024. Court denied the Defendant's 218 Emergency Motion for Reconsideration of the Court's Response to the Jury's October 18 Note. Jury deliberations resumed with eight jurors. Jury returned a verdict in favor of the Plaintiff. Further proceedings on punitive damages commenced and concluded. Jury Trial continued to 10/22/2024 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. (Court Reporter William Zaremba.) (zakb) (Entered: 10/21/2024) |
| 10/21/2024 | 222 | Jury Notes (2) dated 10/21/2024. (zakb) (Entered: 10/21/2024) |
| 10/21/2024 | 223 | **Signature Page of Foreperson**<br><br>in Jury Notes (2) dated 10/21/2024. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zakb) (Entered: 10/21/2024) |
| 10/21/2024 | 225 | Verdict Form. (zakb) (Entered: 10/22/2024) |
| 10/21/2024 | 226 | **Signature Page of Foreperson**<br><br>in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zakb) (Entered: 10/22/2024) |
| 10/22/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Jury Trial held on 10/22/2024. Jury deliberations resumed and concluded with eight jurors present. Jury returned a verdict in favor of the Plaintiff against the Defendants on punitive damages. Court directed Counsel for Plaintiff to submit a final judgment. (Court Reporter William Zaremba.) (zakb) (Entered: 10/22/2024) |

| 10/22/2024 | 227 | Jury Note (1). (zakb) (Entered: 10/22/2024) |
|---|---|---|
| 10/22/2024 | 228 | **Signature Page of Foreperson**<br><br>in Jury Note (1). (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zakb) (Entered: 10/22/2024) |
| 10/22/2024 | 229 | Verdict Form. (zakb) (Entered: 10/22/2024) |
| 10/22/2024 | 230 | **Signature Page of Foreperson**<br><br>in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zakb) (Entered: 10/22/2024) |
| 10/22/2024 | 231 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS. (zakb) (Entered: 10/22/2024) |
| 10/23/2024 | 232 | Jury Instructions. (zakb) (Entered: 10/23/2024) |
| 10/23/2024 | 233 | Punitive Damages Jury Instructions. (zakb) (Entered: 10/23/2024) |
| 10/24/2024 | 235 | Exhibit List by CHRISTOPHER CHANDLER. (zakb) (Entered: 10/24/2024) |
| 10/24/2024 | 236 | Exhibit List by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC.(zakb) (Entered: 10/24/2024) |
| 10/24/2024 | 237 | Joint Exhibits List by DONALD BERLIN, CHRISTOPHER CHANDLER, and INVESTIGATIVE CONSULTANTS, INC. (zakb) (Entered: 10/24/2024) |
| 10/24/2024 | 238 | NOTICE *of Proposed Judgment in a Civil Action* by CHRISTOPHER CHANDLER (Watkins, Daniel) (Entered: 10/24/2024) |
| 10/25/2024 | | MINUTE ORDER. Defendants shall notify the court by October 29, 2024, whether they object to entry of the judgment in the form proposed by Plaintiff, ECF No. 238. Signed by Amit P. Mehta on 10/25/2024. (lcapm3) (Entered: 10/25/2024) |
| 10/28/2024 | | Set/Reset Deadlines: Defendant's response due by 10/29/2024. (zakb) (Entered: 10/28/2024) |
| 10/29/2024 | 239 | RESPONSE re 238 Notice of Proposed Judgment by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC. (Dean, John) Modified event on 10/30/2024 (mg). (Entered: 10/29/2024) |
| 10/30/2024 | 240 | TRANSCRIPT OF JURY SELECTION PROCEEDINGS before Judge Amit P. Mehta held on October 15, 2024; Page Numbers: 1–138. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal |

| | | |
|---|---|---|
| | | identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Zaremba, William) (Entered: 10/30/2024) |
| 10/30/2024 | 241 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 15, 2024; Page Numbers: 1–112. Date of Issuance:October 15, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Reeves, Sonja) (Entered: 10/30/2024) |
| 10/30/2024 | 242 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS – DAY 2 MORNING SESSION before Judge Amit P. Mehta held on October 16, 2024; Page Numbers: 113–271. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Zaremba, William) (Entered: 10/30/2024) |
| 10/30/2024 | 243 | |

| | | |
|---|---|---|
| | | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 16, 2024; Page Numbers: 272–379. Date of Issuance:October 16, 2024. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the <u>Transcript Order Form</u> <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Reeves, Sonja) (Entered: 10/30/2024) |
| 10/30/2024 | <u>244</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS– DAY 3 MORNING SESSION before Judge Amit P. Mehta held on October 17, 2024; Page Numbers: 380–554. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u> <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Zaremba, William) (Entered: 10/30/2024) |
| 10/30/2024 | <u>245</u> | TRANSCRIPT OF JURY TRIAL (DAY 3 – AFTERNOON SESSION) before Judge Amit P. Mehta held on October 17, 2024; Page Numbers: 555–692. Date of Issuance: October 30, 2024. Court Reporter/Transcriber Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the <u>Transcript Order Form</u> <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Edwards, Lisa) (Entered: 10/30/2024) |
| 10/30/2024 | <u>246</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS − DAY 4 before Judge Amit P. Mehta held on October 18, 2024; Page Numbers: 693−836. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Zaremba, William) (Entered: 10/30/2024) |
| 10/30/2024 | <u>247</u> | TRANSCRIPT OF JURY TRIAL DELIBERATIONS PROCEEDINGS − DAY 5 before Judge Amit P. Mehta held on October 21, 2024; Page Numbers: 837−912. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. |

| | | Release of Transcript Restriction set for 1/28/2025.(Zaremba, William) (Entered: 10/30/2024) |
|---|---|---|
| 10/30/2024 | 248 | TRANSCRIPT OF JURY TRIAL DELIBERATIONS AND VERDICT PROCEEDINGS – DAY 6 before Judge Amit P. Mehta held on October 22, 2024; Page Numbers: 913–934. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/20/2024. Redacted Transcript Deadline set for 11/30/2024. Release of Transcript Restriction set for 1/28/2025.(Zaremba, William) (Entered: 10/30/2024) |
| 10/30/2024 | 249 | JUDGMENT in favor of Christopher Chandler against Donald Berlin and Investigative Consultants Inc. See attached Judgment for additional details. Signed by Judge Amit P. Mehta on 10/30/2024. (zakb) (Entered: 10/30/2024) |
| 11/19/2024 | 250 | BILL OF COSTS by CHRISTOPHER CHANDLER. Objection to Bill of Costs due by 12/6/2024. (Attachments: # 1 Declaration of Daniel P. Watkins, # 2 Exhibit 1, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Watkins, Daniel) (Entered: 11/19/2024) |
| 11/27/2024 | 251 | MOTION for New Trial by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # 1 Memorandum in Support, # 2 Transcript of Proceedings, # 3 Declaration of Steven M. Oster, # 4 Exhibit 1 (DX–156), # 5 Exhibit 2 (PX–070), # 6 Exhibit 3 (DX–165), # 7 Exhibit 4 (DX–099), # 8 Exhibit 5 (DX–013), # 9 Exhibit 6 (DX–005), # 10 Exhibit 7 (PX–068), # 11 Exhibit 8 (DX–150), # 12 Exhibit 9 (DX–101))(Oster, Steven) (Entered: 11/27/2024) |
| 11/30/2024 | 252 | ERRATA *[PROPOSED ORDER]* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC. re 251 Motion for New Trial,,. (Oster, Steven) (Entered: 11/30/2024) |
| 12/01/2024 | 253 | ERRATA *Memorandum in Support (Corrected Typos)* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC. re 251 Motion for New Trial,,. (Oster, Steven) (Entered: 12/01/2024) |
| 12/02/2024 | 254 | Consent MOTION for Extension of Time to File Response/Reply as to 251 MOTION for New Trial by CHRISTOPHER CHANDLER. (Attachments: # 1 Text of Proposed Order)(Watkins, Daniel) (Entered: 12/02/2024) |
| 12/04/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting <u>254</u> Plaintiff's Consent Motion for an Extension of Time to file his Response to Defendants' Motion for a New Trial. Plaintiff shall file his Response by December 16, 2024. Signed by Judge Amit P. Mehta on 12/4/2024. (lcapm3) (Entered: 12/04/2024) |
| 12/16/2024 | <u>255</u> | Memorandum in opposition to re <u>251</u> Motion for New Trial,, filed by CHRISTOPHER CHANDLER. (Attachments: # <u>1</u> Exhibit PX–001, # <u>2</u> Exhibit DX–170)(Watkins, Daniel) (Entered: 12/16/2024) |
| 12/17/2024 | <u>256</u> | Consent MOTION for Extension of Time to File Response/Reply as to <u>251</u> MOTION for New Trial by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # <u>1</u> Text of Proposed Order)(Oster, Steven) (Entered: 12/17/2024) |
| 12/17/2024 | <u>257</u> | NOTICE of Proposed Order by CHRISTOPHER CHANDLER re <u>255</u> Memorandum in Opposition (Watkins, Daniel) (Entered: 12/17/2024) |
| 12/18/2024 | | MINTUE ORDER granting <u>256</u> Consent Motion to Extend the Due Date for Defendants' Reply in Support of Motion for New Trial. The Defendants' Reply in Support of their Motion for a New Trial is due on or before December 30, 2024. Signed by Judge Amit P. Mehta on 12/18/2024. (lcapm3) (Entered: 12/18/2024) |
| 12/30/2024 | <u>258</u> | Consent MOTION for Extension of Time to File Response/Reply *in Support of Motion for New Trial* by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Attachments: # <u>1</u> Text of Proposed Order)(Oster, Steven) (Entered: 12/30/2024) |
| 12/31/2024 | | MINUTE ORDER granting <u>258</u> Defendants' Consent Motion to Extend the Due Date for Defendants' Reply in Support of Motion for New Trial. Defendants shall file their reply brief by January 2, 2025. Signed by Judge Amit P. Mehta on 12/31/2024. (lcapm3) (Entered: 12/31/2024) |
| 01/02/2025 | <u>259</u> | REPLY to opposition to motion re <u>251</u> Motion for New Trial,, filed by DONALD BERLIN, INVESTIGATIVE CONSULTANTS, INC., INVESTIGATIVE CONSULTANTS, INC. OF WASHINGTON, DC. (Oster, Steven) (Entered: 01/02/2025) |
| 12/31/2025 | <u>260</u> | MEMORANDUM OPINION AND ORDER denying Defendants' <u>251</u> Motion for New Trial. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 12/31/2025. (lcapm1) (Entered: 12/31/2025) |
| 01/28/2026 | <u>262</u> | NOTICE of Appearance by James P Campbell on behalf of INVESTIGATIVE CONSULTANTS, INC. (Campbell, James) (Entered: 01/28/2026) |
| 01/28/2026 | <u>263</u> | NOTICE OF APPEAL TO DC CIRCUIT COURT as to <u>260</u> Order on Motion for New Trial by INVESTIGATIVE CONSULTANTS, INC.. Filing fee $ 605, receipt number ADCDC–12207613. Fee Status: Fee Paid. Parties have been notified. (Campbell, James) (Entered: 01/28/2026) |
| 01/28/2026 | <u>264</u> | NOTICE of Appearance by Christopher Lindsey Rogan on behalf of DONALD BERLIN (Rogan, Christopher) (Entered: 01/28/2026) |
| 01/28/2026 | <u>265</u> | NOTICE OF APPEAL TO DC CIRCUIT COURT as to <u>260</u> Order on Motion for New Trial by DONALD BERLIN. Filing fee $ 605, receipt number ADCDC–12208481. Fee Status: Fee Paid. Parties have been notified. (Rogan, Christopher) (Entered: 01/28/2026) |

| 01/29/2026 | 266 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 263 Notice of Appeal to DC Circuit Court. (mg) (Entered: 01/29/2026) |

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

_____  )
                                   )
CHRISTOPHER CHANDLER,              )
                                   )
    Plaintiff,             )
                                   )
v.                                 )       Case Number:  18-cv-02136 (APM)
                                   )
DONALD BERLIN, et al               )
                                   )
    Defendants.            )
_____  )

## NOTICE OF APPEAL

    **NOTICE is hereby given** this 28th day of January, 2026, that DONALD BERLIN hereby appeals

to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court

entered on the 31ST day of December, 2025, in favor of CHRISTOPHER CHANDLER and against

DONALD BERLIN and INVESTIGATIVE CONSULTANTS, INC.

                      Respectfully submitted,

                      /s/ Christopher L. Rogan
                      Christopher L. Rogan, Esq. (D.C. Bar #431849)
                      ROGANMILLERZIMMERMAN, PLLC
                      50 Catoctin Circle NE, Suite 300
                      Leesburg, Virginia 20176
                      Telephone: 703.777.8850
                      Facsimile: 703.777.8854
                      E-mail: crogan@RMZLawFirm.com
                      _Counsel to Donald Berlin_

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

    Thomas A. Clare, Esq., Megan L. Meier, Esq. and
    Daniel P. Watkins, Esq.
    10 Prince Street
    Alexandria, VA 22314

    James P. Campbell, Esq., Matthew L. Clark, Esq. and
    Daniel M. Casto, Esq.
    Campbell Casto Clark, P.C.
    1602 Village Market Blvd., SE, Suite 225
    Leesburg, Virginia 20175

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2026, a copy of the foregoing *Notice of Appeal* was served on the following parties by *via* ECF through the United States District Court and First-Class Mail:

Thomas A. Clare, Esq. (tom@clarelocke.com)
Megan L. Meier, Esq. (megan@clarelocke.com)
Daniel P. Watkins, Esq. (daniel@clarelocke.com)
10 Prince Street
Alexandria, VA 22314
*Attorneys for Plaintiff Christopher Chandler*

James P. Campbell, Esq. (JCampbell@campbellcastoclark.com)
Matthew L. Clark, Esq.  (MClark@campbellcastoclark.com)
Daniel M. Casto, Esq.  (DCasto@campbellcastoclark.com)
Campbell Casto Clark, P.C.
1602 Village Market Blvd., SE, Suite 225
Leesburg, Virginia 20175
*Attorneys for Investigative Consultants, Inc.*

/s/  Christopher L. Rogan
Christopher L. Rogan

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

|  |  |  |
|---|---|---|
| **CHRISTOPHER CHANDLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 18-cv-02136 (APM)** |
| | ) | |
| **DONALD BERLIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

———————————————————————

**MEMORANDUM OPINION AND ORDER**

A jury in this matter returned a verdict in favor of Plaintiff Christopher Chandler on a single claim of defamation. It awarded $4,000,000 in compensatory damages and an additional $4,000,001 in punitive damages. Defendants Donald Berlin and Investigative Consultants, Inc. now ask the court to grant them a new trial. Defs.' Mot. for a New Trial, ECF No. 251 [hereinafter Defs.' Mot.]. For the reasons stated below, the motion is denied.[1]

**I.**

Defendants first submit that a new trial is warranted based on newly discovered evidence: namely, Plaintiff's mid-trial filing of a defamation suit in D.C. Superior Court against Robert Eringer ("2024 Lawsuit"). Plaintiff brought that action after the disclosure of a 2018 email from Eringer to Defendant Berlin in which Eringer accuses Plaintiff of "laundering money for the Russian mafia." Defs.' Mot., Defs.' Mem. in Supp. of Defs.' Mot., ECF No. 251-1 [hereinafter Defs.' Mem.], at 4. According to Defendants, the new suit, if known, would have been a game-changer for their statute-of-limitations defense. The reason why is complicated.

———————————————

[1] The court presumes the parties' familiarity with the evidentiary record and therefore recites it only as needed to resolve the motion.

The limitations period for a defamation claim under District of Columbia law is one year. *Chandler v. Berlin*, 998 F.3d 965, 971 (D.C. Cir. 2021) (citing D.C. Code § 12-301(a)(4)). That period begins to run when the plaintiff has actual knowledge of the claim or is on "inquiry notice" of such claim, that is, "notice which a plaintiff would have possessed after due investigation." *Id.* at 971–72 (internal quotation marks omitted). Defendants did not contend that Plaintiff had actual notice of the false report Defendants prepared and published to Eringer in 2003; rather, they asserted that he was on "inquiry notice" long before he filed suit in this court in 2018.

Their theory of inquiry notice rested on certain publications made by *Eringer*, not Defendants. In the years following his receipt of the report in 2003, Eringer made multiple false public statements about Plaintiff. The first came in 2009, when Eringer filed suit in California state court against his former client, Prince Albert of Monaco, to whom Eringer had disclosed the false information contained in Defendants' report. Eringer alleged that it was "suspected [the Chandlers] were engaged in money laundering for Russian interests" through an unregistered trading company headquartered in Monaco, and that he "possesse[d] documents on this matter." Defs.' Mot., Ex., ECF No. 251-2 [hereinafter Trial Tr.], at 316:24–317:6. Plaintiff learned of Eringer's suit in January 2010 at the latest. *See id.* at 464:22–472:5 (discussing PX-68). Eringer made similar false publications in 2014 and 2015.[2]

Eringer's publications, Defendants argued, triggered inquiry notice. In closing, Defendants asserted that Plaintiff had a duty to diligently investigate whether Eringer's false statements came from an independent source; a diligent investigation would have included a lawsuit against Eringer; and discovery in such suit would have revealed Defendants' identities as the publishers of the initial false statements to Eringer. *See* Trial Tr. at 776:9–780:18. If Plaintiff had acted

---

[2] *See* Trial Tr. at 319:24–323:15 (discussing an article called "The Art of the Ruse: Richard and Christopher Chandler"); *id.* at 492:11–501:22, 505:2–507:14 (testimony about the book *The Spymaster of Monte Carlo*).

2

diligently, Defendants urged, he would have possessed sufficient knowledge to file a defamation claim against Defendants more than one year before actually doing so. The suit therefore was time-barred.

Defendants maintain that the undisclosed 2024 Lawsuit would have advantaged them in two ways. One, it would have shown "that Chandler's main reason for not suing Eringer [was] false." Defs.' Mem. at 2, 7–8. Plaintiff testified that he did not sue Eringer in part because he had engaged a lawyer in 2010 who advised him that such a suit was not legally possible because "we [] did not have standing or the legal foundation on which to sue him." Trial Tr. at 474:1-5. According to Defendants, the 2024 Lawsuit would have shown that, contrary to his testimony, Plaintiff faced no legal impediment to bringing an earlier defamation claim against Eringer. Two, it would have shown that Plaintiff lied on the stand. Plaintiff testified on cross-examination that he could not recall having received legal advice that he *could* sue Eringer in the United States. Defs.' Mem. at 3–5. His filing of the 2024 Lawsuit, Defendants argue, would have proven that testimony to be false. As explained below, neither argument is persuasive.

### A.

The parties agree that to warrant a new trial under Federal Rule of Civil Procedure 59(a)(1)(A) based on newly discovered evidence, a moving party must show, among other things, that "the evidence is admissible and is of such importance that it probably would have changed the outcome." *Id.* at 6–7 (quoting *James Madison Project v. Dep't of Justice*, 320 F. Supp. 3d 143, 148 (D.D.C. 2018)); *see also* Pl.'s Opp'n to Defs.' Mot., ECF No. 255 [hereinafter Pl.'s Opp'n], at 2. The court assumes that the fact of the 2024 Lawsuit was admissible. That evidence, however, was not of "such importance that it probably would have" resulted in a defense verdict. The court so holds for four reasons.

3

*First*, the newly filed suit would not have contradicted Plaintiff's advice-of-counsel justification for not suing Eringer earlier.  The court generally agrees with Plaintiff: "[t]he 2024 complaint, which was filed on the advice of different counsel, has nothing to do with the counsel Mr. Chandler received, fourteen years earlier, from different lawyers, in different circumstances, concerning different statements made in a different forum."  Pl.'s Opp'n at 3.  Or, put another way: "it is hard to see how the fact of the complaint from 2024 could tell the jury anything about the reasonableness of Mr. Chandler's understanding or thought process a decade earlier."  *Id.* at 5.  Even if the 2024 Lawsuit had some relevance, its power to contradict Plaintiff's testimony was minimal.

*Second*, the 2024 Lawsuit does nothing to upend Plaintiff's explanation that he also refrained from suing Eringer for reasons having nothing to do with legal advice, which, if credited, independently overcome the statute-of-limitations defense.  Recall, the D.C. Circuit rejected this court's grant of summary judgment in favor of Defendants on limitations grounds because "Eringer's earlier publications do not necessarily suggest the existence of an independent source for Eringer's allegedly false statements."  *Chandler*, 998 F.3d at 974.  Critically, the court reasoned, "a plaintiff in Chandler's shoes might reasonably have concluded that, to the extent the [California state court complaint] statements themselves were fabrications, the intimations of sources of those claims were also fabrications" and, if a jury were to so conclude, Plaintiff would have had no legal duty to sue Eringer to preserve a cause of action against Defendants.  *Id.*  This rationale proved to be prescient.  Plaintiff testified that he did not believe Eringer's claim that he possessed incriminating documents.  Trial Tr. at 478:18-21.  That "was a good reason" in his mind "for not suing Mr. Eringer."  *Id.*; *see also id.* at 468:20–467:12 (stating he "put no weight" on Eringer's claimed possession of documents); *id.* at 473:3-12 (stating he believed the documents "did not

4

exist"). It was within the jury's province to credit this testimony. The 2024 Lawsuit—which, as noted above, pertains to a different publication that came much later in time—would not have undermined this independent reason for not suing Eringer.

*Third*, the jury already knew what Defendants claim the 2024 Lawsuit would have shown: "that suing Eringer was possible, thereby contradicting his argument that he acted reasonably when he declined to sue him earlier." Defs.' Reply in Supp. of Defs.' Mot., ECF No. 259 [hereinafter Defs.' Reply], at 7. At trial, Defendants introduced DX-165, a letter that Plaintiff's counsel sent to Eringer on October 12, 2024 ("October 12 Letter"), before filing the 2024 Lawsuit. Trial Tr. at 630:2–633:14 (discussing DX-165). Eringer described the October 12 Letter as "putting [him] on notice that [he] may be sued by Mr. Chandler." *Id.* at 630:3-4. Defendants then emphasized in closing that the October 12 Letter conveyed the message, "We're about to sue you. Save all your documents." *Id.* at 765:19-22. Thus, based on the October 12 Letter, the jury knew a suit against Eringer "was possible." Defs.' Reply at 7. To be sure, the 2024 Lawsuit would have established an additional fact—that Plaintiff had filed an action, as opposed to merely threatening it. But the actual suit's filing would have only added marginally to what already was before the jury.

*Finally*, the 2024 Lawsuit would not have shown that Plaintiff lied on the stand. The supposedly perjurious testimony occurred during the following exchange:

> Q: When did you receive advice that -- I'm not asking anything other than a timing question. When did you receive advice that it would be a good idea or you would be authorized to file a lawsuit -- did you ever receive advice that you would be able to sue Mr. Eringer for comments that he had made about you?
>
> [The court overruled an objection on relevance grounds. And the witness asked to repeat the question.]
>
> Q: Did you ever receive advice -- and I'm just asking -- well, did you ever receive advice, "yes" or "no," that it would be -- a

5

> lawsuit against Mr. Eringer would be available to you in the United States?
>
> A: *Not that I recall, no.*
>
> Q: You obviously received advice that it would be a good idea or you would be able to sue Mr. Berlin, right?
>
> A: That's correct.
>
> Q: What's your understanding of the difference between Mr. Berlin's situation such that you could file lawsuit against Mr. Berlin?
>
> A: The advice from my legal counsel.
>
> Q: I'm sorry?
>
> A: The advice from my legal counsel.
>
> Q: Okay. So you perceived some difference between Mr. Berlin's situation and Mr. Eringer's; is that correct?
>
> A: That's the advice I was given, yes.

Trial Tr. at 481:16–482:20 (emphasis added). According to Defendants, the 2024 Lawsuit would have shown that Plaintiff's italicized testimony above was false. It would have proven that Plaintiff "**did** receive advice that is was possible to sue Eringer in the United States and obviously believed it **was** possible to sue Eringer for accusing him of money laundering." Defs.' Mem. at 4.

Plaintiff's answer was not false, and the 2024 Lawsuit would not have shown otherwise. The question preceding Plaintiff's answer was ambiguous. It was not specific to either the timing of legal advice or a particular false statement made by Eringer. So, it is a stretch to suggest that defense counsel intended, and Plaintiff understood, the question to reach to his receipt of legal advice before filing the 2024 Lawsuit.[3] Furthermore, the full context establishes Plaintiff was

---

[3] Defense counsel apparently did not think Plaintiff had lied at the time. If they had, they could have used the October 12 Letter to impeach him. Defendants cannot credibly assert that they came to believe Plaintiff's testimony was false only after learning of the 2024 Lawsuit.

testifying about the advice he received about Eringer's false statements in the 2009 lawsuit and later republications, *see* n.2 *supra*—not whether he had *ever* received advice that Eringer could be sued for defamation. Before the quoted testimony above, the questioning related to Plaintiff's decision not to sue Eringer over his republications in 2009 and 2015. *See* Trial Tr. at 476:2–481:9. Then, counsel made a distinction between Plaintiff suing Defendant Berlin but not suing Eringer, and Plaintiff explained he perceived a difference between the two based on the advice of counsel. This response was a clear reference to advice received about Eringer's earlier false publications— not the false statement that later came to light and led to the 2024 Lawsuit. The 2024 Lawsuit therefore would not have shown that Plaintiff's "not that I recall" response was a lie.

In sum, Plaintiff's discovery of the 2024 Lawsuit does not warrant a new trial under Rule 59(a)(1)(A).

## B.

Alternatively, Defendants move for a new trial based on nondisclosure of the 2024 Lawsuit under Rule 60(b)(3). Defs.' Mem. at 8–10. Under that rule, the court may relieve a party from a final judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). As Defendants admit, the Rule 60(b)(3) standard is "demanding." Defs.' Mem. at 9. "In addition to demonstrating misconduct, the movant must show the misconduct was prejudicial, foreclosing the 'full and fair preparation or presentation of its case.'" *In re Hope 7 Monroe St. Ltd.*, 743 F.3d 867, 875 (D.C. Cir. 2014) (citation omitted).

Here, Defendants have shown neither misconduct nor prejudice. Defendants have not identified any misrepresentation made by Plaintiff's counsel or Plaintiff (other than Plaintiff's testimony discussed above, which the court has determined was not untruthful), *see* Defs.' Mem. at 9–10, and they have not demonstrated that Plaintiff "had any independent obligation to disclose

7

the information absent a discovery request," *In re Hope 7 Monroe St. Ltd.*, 743 F.3d at 875.  And, for the reasons already discussed, Plaintiff's nondisclosure of the 2024 Lawsuit was not prejudicial.

## II.

Defendants next argue that a new trial is warranted because the court gave the jury an erroneous instruction on their statute-of-limitations defense.  Specifically, the court failed to properly instruct the jury on the discovery rule announced in *Diamond v. Davis*, 680 A.2d 364, 372–81 (D.C. 1996).  Defs.' Mem. at 1.  The delivered instruction, they say, wrongly "omits any mention of Chandler's duty to investigate," which under *Diamond* is triggered once the plaintiff "actually knows, or with the exercise of reasonable diligence would have known, of some injury, its cause-in-fact, and some evidence of wrongdoing."  *Id.* at 11–12 (quoting *Diamond*, 680 A.2d at 381).  A proper instruction would have told the jury that Plaintiff was duty "bound to file [his] cause of action within the applicable limitations period, measured from the date of [his] acquisition of the actual or imputed knowledge."  *Diamond*, 680 A.2d at 381.  Defendants reason that this failure left "the jury with the impression that Mr. Chandler was under no duty to act promptly upon repeated notices of his claims against Eringer, and left to speculate whether prompt action would have revealed the [report] among Eringer's documents."  Defs.' Mem. at 20–21.  The error, they claim, was not harmless.  *See id.* at 19–20.

"Jury instructions are proper if, when viewed as a whole, they fairly present the applicable legal principles and standards."  *Czekalski v. LaHood*, 589 F.3d 449, 453 (D.C. Cir. 2009) (cleaned up).  But even if erroneous, the harmless error rule applies.  *See* Fed. R. Civ. P. 61.  A new trial is required only if the error affected "any party's substantial rights."  *Id.*  That standard requires

8

the court to determine "the likelihood that the error affected the outcome of the case." *Williams v. U.S. Elevator Corp.*, 920 F.2d 1019, 1023 (D.C. Cir. 1990) (cleaned up).

Defendants have not established that the limitations instruction failed to "fairly present the applicable legal principles and standards." The court's instruction closely followed the D.C. Circuit's discussion of the discovery rule in *Chandler v. Berlin*. Consistent with that decision, the court instructed the jury that Defendants had the burden to "prove by a preponderance of the evidence that Mr. Chandler failed to file his lawsuit within one year after he was on 'inquiry notice' of Defendants' false statements." Jury Instructions, ECF No. 232 [hereinafter Jury Instructions], at 11.[4] The court then supplied a definition of "inquiry notice" that tracked the definition given in *Chandler*. *Compare id.* (defining "inquiry notice" to mean "the notice a plaintiff would have possessed of a defendant's actions if he had conducted a due investigation"), *with Chandler*, 998 F.3d at 972 (stating that "inquiry notice" is a "counterfactual in the sense that it refers to 'that notice which a plaintiff would have possessed after due investigation'" (citation omitted)). It then instructed that whether inquiry notice exists is "a highly fact-bound question." Jury Instructions at 11. Jurors had to "decide whether Mr. Chandler exercised reasonable diligence under the circumstances in acting or failing to act on whatever information was available to him," *id.*, a sentence taken directly from *Chandler*, *see* 998 F.3d at 972 (quoting *Ray v. Queen*, 747 A.2d 1137, 1141–42 (D.C. 2000)). The court then provided a definition of "reasonable diligence"—to which Defendants did not object—and explained, consistent with *Chandler*, that circumstances "may be such that a person is not required to conduct any investigation at all." Jury Instructions at 11; *Chandler*, 998 F.3d at 972 ("[T]he relevant facts may be such that it may be reasonable for a

---

[4] To the extent Defendants complain that the court omitted reference to actual notice as triggering the limitations period, *see* Defs.' Mem. at 11–12, 17–18, the court did not include such language because there was no evidence that Plaintiff had actual notice of Defendants' false statements more than one year before he filed suit. Nor did Defendants argue that he had actual notice.

plaintiff to conduct no investigation at all." (cleaned up) (quoting *Diamond*, 680 A.2d at 372)). Ultimately, the court instructed the jury that it had to evaluate "all relevant facts and circumstances" in deciding whether Plaintiff was "required to investigate and that, if he had investigated, whether he would have learned of Defendants' false statements." Jury Instructions at 11–12.

It is true that the court did not specifically tell the jury that Plaintiff had a "duty to investigate." Defs.' Mem. at 11. But that is because there is no absolute duty to investigate. As the D.C. Court of Appeals put it in *Diamond*: "Under our cases, the relevant facts may be such that it may be reasonable to conduct no investigation at all. Thus, where an exhaustive investigation would have uncovered the claim is not necessarily relevant, unless the only reasonable investigation under the circumstances would have been an exhaustive one." 680 A.2d at 372; *accord Chandler*, 998 F.3d at 972.

The court also did not, contrary to Defendants' wishes, instruct that "[a]s soon as the Plaintiff learns of some injury, its cause, and some evidence of wrongdoing, the discovery rule requires him to file suit within the applicable limitations period, in this case, one year." Defs.' Mem. at 15–16; *see Diamond*, 680 A.2d at 381 ("Once the plaintiff . . . with the exercise of reasonable diligence would have known[] of some injury, its cause-in-fact, and some evidence of wrongdoing, then she is bound to file her cause of action within the applicable limitations period . . . ."). The instruction, however, did direct the jury "to consider all relevant facts and circumstances when deciding whether Mr. Chandler was required to investigate and, if he had investigated, whether he would have learned of Defendants' false statements." Jury Instructions at 11–12. Defendants were thus free to contend that, based on Eringer's publications, Plaintiff was aware of some injury, its cause, and some wrongdoing and therefore was on inquiry notice long

10

before he filed suit. And that is precisely what they did. They argued that "Mr. Chandler had a duty, a duty to make reasonable investigation of his affairs, has to do it with reasonable diligence," and they urged the jury to reject Plaintiff's various excuses for not proceeding earlier with a suit against Eringer. Trial Tr. at 776:9–780:18. The jury was not persuaded. But that does not make the instruction defective.

Nor have Defendants shown that the claimed instructional error "affected the outcome of the case." *Williams*, 920 F.2d at 1023. Their theory of harm starts from the premise that, as early as 2010, there was "overwhelming evidence that Chandler had knowledge of injuries, their cause, repeated evidence of wrongdoing, and that Eringer had documents to support his statements." Defs.' Reply at 11. If the jury had been told that Plaintiff had a legal duty to investigate upon learning those facts, "it would have concluded that Chandler's proper discharge of that duty would have revealed not only Eringer's repeated publications, but Defendants' single publication to Eringer." *Id.* The jury therefore would have had to find that Plaintiff was on inquiry notice more than one year before he filed suit. But the court's erroneous instruction, they claim, allowed the jury to excuse Plaintiff's lack of diligence. As Defendants put it, "the jury was free to not even consider that Chandler knew he'd been defamed and had reason to believe Eringer was not the only potential defendant." *Id.* at 13.

The problem with Defendants' theory of harm is that the D.C. Circuit rejected these very arguments when it reversed this court's grant of summary judgment in favor of Defendants on limitations grounds. The D.C. Circuit held that a jury could conclude that a reasonable person in Plaintiff's circumstances had no duty to investigate because "Eringer's earlier publications *do not* necessarily suggest the existence of an independent source for Eringer's allegedly false statements." 998 F.3d at 974 (emphasis added). As previously noted, Plaintiff testified that he did

11

not sue Eringer after learning of his publications both based on legal advice and because he did not believe that Eringer possessed any incriminating documents given the falsity of the allegations. *See supra* Section I.  The jury evidently credited those explanations over Defendants' argument that Eringer's publications placed Plaintiff on inquiry notice of a claim against them. *See Chandler*, 998 F.3d at 975 ("Whether Chandler should have known of such a claim [against Defendants] turns on whether reasonable diligence based on the facts before him at a certain point in time required that he then take steps that would have revealed Berlin's role.").  Defendants' preferred jury instruction would therefore have been unlikely to produce a different outcome.

The D.C. Court of Appeals' decision in *Estate of Chappelle v. Sanders* is inapposite. *See* Defs.' Mem. at 18–19.  In that case, the decedent's estate filed suit against the owner and driver of a car that caused the decedent's death in a traffic accident.  442 A.2d 157, 157–58 (D.C. 1982). The car's driver gave a false identity to the decedent, fled the accident scene, and did not file an accident report.  *Id.* at 157.  The driver of the decedent's car, however, noted the license plate of the car causing the accident and traced its ownership to the lead defendant.  *Id.* at 157–58.  The court held that the wrongful death suit, filed more than three years after the accident date, was untimely under the District's one-year limitations period for wrongful death actions.  *Id.* at 158–59.  In so ruling, the court disagreed with the plaintiff's assertion that the limitations period tolled due to the defendant-driver's concealment of his identity.  *Id.*  As the court explained, the plaintiff "was well aware, not only of the existence of wrongful death and survival claims, but also of the [lead defendant's] identity as owner of the vehicle of that collided with defendant's car."  *Id.* at 159.

Here, unlike in *Estate of Chappelle*, Plaintiff did not have *actual* notice of a defamation claim based on knowledge of Defendants' report or their identities.  Defendants' theory was that

12

Plaintiff was on inquiry notice of a suit against Defendants based on Eringer's public statements, but the jury found otherwise. There is no inconsistency between that outcome and the holding of *Estate of Chappelle*.

## III.

Next, Plaintiffs challenge the sufficiency of the evidence supporting the jury's damages award. At trial, Plaintiff sought to hold Defendants accountable not only for their publication of false statements to Eringer, but also Eringer's republication of those statements to his client, Prince Albert of Monaco, and later to the Central Intelligence Agency (CIA). These republications were "reasonably foreseeable" to Defendants, Plaintiff argued, so the jury could consider them in awarding damages. Jury Instructions at 13–14 (instructing that the jury could consider "the extent of the distribution of the defamation" in deciding a damages amount and that reasonably foreseeable republications were relevant to that inquiry). Defendants now insist that they are entitled to a new trial because "there was a complete failure of evidence as to whether Mr. Berlin foresaw republication of his report, or any of the information in the report, to the CIA." Defs.' Mem. at 21–22.[5]

This argument is a nonstarter. To begin, there was sufficient evidence from which the jury could conclude that Eringer's republication to the CIA was foreseeable. *See Czekalsi*, 589 F.3d at 456 ("The jury verdict stands 'unless the evidence and all reasonable inferences that can be drawn therefrom are so one-sided that reasonable men and women could not disagree on the verdict.'" (citation omitted)). Eringer testified that he never promised Defendants that he would not share the information contained in their report. Trial Tr. at 644:23–645:1. A self-described "intelligence advisor," Eringer knew high-ranking officials at the CIA, including the recently retired head of the

---

[5] Defendants make no similar sufficiency argument with respect to republication by Eringer to his "ultimate client," Prince Albert. *See* Trial Tr. at 214:7-8.

13

"Russian desk," William Lofgren, *id.* at 593:20–595:13, and a former deputy director of operations, Clair George, who Eringer described as "very involved" in the Chandler matter, *id.*; *id.* at 613:5-10. Defendant Berlin knew these same individuals and had used them as sources to prepare the report for Eringer. *Id.* at 225:3–229:1. He also knew that Eringer had an "ultimate client," though not the client's identity. *Id.* at 213:19-24. From these facts, a jury could have reasonably inferred that Defendant Berlin would have known about Eringer's CIA connections and, because of the seriousness of the allegations made against the Chandlers, Eringer would have shared the information with the CIA. After all, that is precisely what Eringer did. Eringer testified that he had mentioned his investigation of the Chandler brothers to a high-level CIA contact, who naturally asked to see the work, and he passed it on. *Id.* at 613:19–614:4. The jury reasonably could have concluded that such information-sharing would have been reasonably foreseeable to Defendants.

In any event, a new trial is not warranted procedurally. The jury delivered a general verdict on liability and damages. The court cannot now parse that general verdict to determine what, if any, of the final award the jury attributed to republication to the CIA (as distinct from the original publication to Eringer and the republication to Prince Albert, *see* n.5 *supra*). Such relief would require the court to speculate about the jury's deliberations, which it cannot do. *See Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225, 1239 (D.C. Cir. 1984) ("In reviewing the amount of the jury's award, we [] need not—and indeed cannot—reconstruct the precise mathematical formula that the jury adopted."). The court, however, can presume that the jurors followed the instructions that they were given, which was to award damages only for reasonably foreseeable republications. *See U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 906–07 (D.C. Cir. 2010); Jury Instructions at 13–14. A new trial therefore is not warranted on this ground.

14

## IV.

Finally, Defendants ask the court to award a new trial on damages unless Plaintiff agrees to an appropriate remittitur of the $4,000,000 compensatory damages award and $4,000,001 punitive damages award.  Defs.' Mem. at 2, 22–23.  Notably, Defendants do not argue that Defendants' initial publication did not cause injury.  Rather, they contend only that Plaintiff offered no evidence of actual harm resulting from the *re*publications.  *See id.* at 23–31.

When considering a sufficiency-of-the-evidence challenge to a jury's damages award, the court's "inquiry ends once [it is] satisfied that the award is within a reasonable range and that the jury did not engage in speculation or other improper activity."  *Carter*, 727 F.2d at 1239.  In assessing an award's reasonableness, a court "need not—and indeed cannot—reconstruct the precise mathematical formula that the jury adopted.  Nor need [it] explore every possible quantitative analysis or compute the basis of each penny and dollar in the award."  *Id.*

The court instructed the jury that it could award Plaintiff damages for "loss of reputation or standing in the community, mental or physical pain and suffering, or inconvenience or loss of enjoyment."  Jury Instructions at 13.  Consistent with the D.C. Court of Appeals' decision in *Ingber v. Ross*, 479 A.2d 1256, 1265 (D.C. 1984), the jury was informed that it could consider "(1) the seriousness of the defamatory charge, (2) the extent of the distribution of the defamation, (3) the extent to which the communication was actually believed, and (4) the plaintiff's prominence and professional standing in the community."  Jury Instructions at 13.  The jury reasonably could have concluded that these factors weighed in favor of a significant award.

First, the defamatory statements were extremely serious.  Defendants falsely accused Plaintiff of, among other things, involvement in (1) "organized crime groups in Russia and elsewhere," (2) "a massive money-laundering scheme" to benefit "high-level political types in

15

Russia" and "organized crime groups in that country," and (3) running a "front company" that "pose[s] as foreign investors" to "buy up GazProm [(the Russian national oil company)] shares on behalf of GazProm senior executives." PX-1 at 6–7. Second, the statements were published not only to Eringer but republished to the CIA and Prince Albert of Monaco. Plaintiff lived in Monaco at the time. The jury could have viewed the extent of such distribution—to the head of state where Plaintiff resided and the U.S. intelligence service—as an aggravating factor. As discussed previously, these republications were foreseeable. Third, the jury was free to conclude that at least Eringer believed the truth of the falsehoods, based on his repetition of them in multiple private and public republications and given the status of the persons and entities to whom he passed on the information. And fourth, Plaintiff's prominence and community standing was well established. *See, e.g.*, Trial Tr. at 303:14-21 (describing accusations against Plaintiff by members of the British Parliament). Further, Plaintiff explained how he processed reading Defendants' report for the first time. Describing it as "gutting" and comparing it to a mugging, Plaintiff testified, "You feel that the safety and the world as you know it is no longer as you knew it. You no longer feel safe in the world. Everything is suddenly changed in a way that you can't change back." *Id.* at 342:11–343:11. The jury was well within its discretion to find that Defendants' falsehoods had a major effect on Plaintiff and to award a commensurate sum.

Defendants try to demonstrate the unreasonableness of the award by pointing to other defamation cases in which prevailing plaintiffs received lower amounts. *See* Defs.' Mem. at 26–31. But the D.C. Circuit has said that "it is awkward to discuss the size of an award through comparison with past decisions" because the circumstances of each case are unique. *Peyton v. DiMario*, 287 F.3d 1121, 1127 (D.C. Cir. 2002) (internal quotation marks and citation omitted). Further, courts "must be especially hesitant to disturb a jury's determination of damages in cases

16

involving intangible and non-economic injuries." *Vasquez v. District of Columbia*, 110 F.4th 282, 293 (D.C. Cir. 2024) (internal quotation marks and citation omitted).

Here, because the compensatory damages award was exclusively for non-economic injuries and "thus particularly within the province of the jury's subjective judgment," *id.*, and because the amount of the award is not so much as to "shock the conscience" or "so inordinately large as to obviously exceed the maximum limit of a reasonable range within which the jury may properly operate," *Peyton*, 287 F.3d at 1127, the court will not remit the award.  It also will not disturb the effectively single-multiple punitive damages award.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (noting, without imposing "rigid benchmarks," that "[s]ingle-digit multipliers are more likely to comport with due process").

## V.

For the foregoing reasons, Defendants' Motion for New Trial, ECF No. 251, is denied.

Date:  December 31, 2025

Amit P. Mehta
United States District Judge

17